MARGARET MCALLISTER, administratrix, *vs.* NEW ENGLAND MU-
TUAL LIFE INSURANCE COMPANY.

A policy of life insurance, expressed to be made in consideration of a premium already paid and of future annual payments; providing that, in case any premium due on the policy should not be paid when due, the policy should be forfeited; declaring that the policy, and any sums that should become due thereon from the insurers, were pledged to them, to secure the payment of any premium on which credit should have been given, or any note or security therefor, such pledge in no respect to affect the provisions respecting forfeiture; and further declaring that the policy should not take effect until the premium was paid; was made and delivered to the assured by the insurers, who took from him for the first premium a certain sum in cash, and his two promissory notes, one on six months, the other on five years. This latter note contained a provision that the policy should be subject to forfeiture in case of nonpayment of interest and principal of this note, in compliance with the terms thereof. When the first note, which contained no such provision, became due, it was not paid. *Held,* that the policy had taken effect; that the clause as to forfeiture for nonpayment of premiums referred to premiums subsequent to the first; and that the policy was not avoided by failure to pay the note.

The holder of a policy of life insurance refused to pay a premium note when due, and declared that "he would not have anything more to do with the insurers and abandoned the whole thing;" but he retained the policy, and the insurers retained the note; nor did it appear that they assented to the abandonment. *Held,* that the policy remained in force.

CONTRACT by the administratrix of the estate of Samuel McAllister, deceased, on a policy of insurance upon his life, for $5000, issued to him by the defendants. The case was submitted to this court on an agreed statement of facts of which the material part was as follows:

The defendants made and delivered to Samuel McAllister the policy sued on, which was dated April 11, 1866, was numbered 21,104, and purported to be made "in consideration of the premium of $120.50 to said company paid by Samuel McAllister,

being the assured in this policy, and of a like sum to be paid to them by said assured on or before the 11th day of April in every year during the continuance of this policy." The policy provided: " In case any premium due upon this policy shall not be paid at the day when payable, the policy shall thereupon become forfeited and void," except that it should continue as a policy for the temporary insurance during a limited period of a certain amount calculated on the premium already paid ; " this policy and any sums that shall become due thereon from said company are pledged and hypothecated to said company, and they have a lien thereon to secure the payment of any premium on which credit may be given, and of any note or security therefor, but this pledge and hypothecation shall in no respect affect the provisions respecting the forfeiture of this policy; this policy does not take effect until the premium is paid."

Samuel McAllister died March 7, 1867 ; notice and proof of his death were duly given to the defendants ; and the plaintiff was appointed administratrix of his estate.

If it was competent and material, which the plaintiff denied, it was agreed that, when the defendants delivered the policy to the assured, they took for the first annual premium the sum of $30.12 in cash, and two promissory notes. By the first note, which was dated April 16, 1866, the assured for value received promised to pay to the defendants or order $30.13, "in six months, with interest, being in part of premium on policy 21,104" of the defendants. By the second note, which was dated April 11, 1866, the assured, for value received, promised to pay to the defendants or order $60.25 and interest; "the interest to be paid annually, and the whole or any part of the principal to be paid within ninety days from a demand thereof in writing, after the expiration of five years from this date, the said amount being for part of premium on policy No. 21,104 of said company on the life of" the assured, "which policy, and all amounts payable thereon, for returns of premiums and distribution, or loss, are hereby pledged and hypothecated to said company for the payment of this note; said policy being agreed

to be subject to forfeiture, and to become void, in case of non-payment of interest and principal of this note, in compliance with the terms thereof." Neither of these notes were paid by the assured. Under the provisions of the policy and of the St. of 1861, *c.* 186, the cash payment was sufficient to continue the policy in force for temporary insurance up to November 6, 1866, and no longer.

If, on the above facts, the plaintiff could not recover, then judgment was to be entered for the defendants; but if on said facts the plaintiff was entitled to recover, then judgment was to be entered for her for the amount of the policy and interest, unless it was competent and material for the defendants to prove the following facts, and unless said facts would, if true, constitute a defence to the action, namely, " that, when the note on six months became due, the insurance agent, through whom the policy was effected, called upon the assured and asked him to pay it; that the assured then said, ' he did not know whether he would pay the note or not;' that the agent called a second time about a week afterwards, and the assured then said ' he had no money;' that the agent called a third time, four or five days later, when the assured said ' he should not pay the note,' and spoke of " a policy to one Campbell which the defendants had refused to pay, " and added that ' he supposed they would not pay on his, and that he would not pay the note, would not have anything more to do with the company, and abandoned the whole thing.'" The defendants retained the notes, and the assured the policy. If the court should be of opinion that proof of said facts would be a defence to the action, then the case was to be sent to a jury for the determination of this question only.

*H. G. Hutchins,* for the plaintiff.

*D. Foster & G. W. Baldwin,* for the defendants.

GRAY, J. The policy upon which this action is brought is expressed to be made in consideration of a premium already paid, and of a like sum to be paid annually during its continuance; and " does not take effect until the premium is paid.' But it is agreed by the parties, in the case stated, that the defendants made and delivered the policy to the assured, and at the time

of the delivery took for the first premium a certain sum in cash, and two notes of the assured, one payable in six months, and the other on demand after five years. Whatever were the powers of the directors, the corporation itself might certainly take notes for part of the premium, instead of insisting on immediate payment of the whole. *Hodsdon* v. *Guardian Insurance Co.* 97 Mass. 144. The policy thus took effect as a binding contract, and the question is, whether it was terminated before the death of the assured.

The defendants rely upon that provision of the policy, which declares that, " in case any premium due upon the policy shall not be paid at the day when payable, the policy shall thereupon become forfeited and void," except for a certain period which had expired before the death of the assured in this case. But the court is of opinion that this clause, which is inserted for the benefit of the insurers, and to be construed most strongly against them, and which merely provides that the policy " shall become forfeited and void," in case a premium " shall not be paid at the day when payable," can only apply to a policy which has once taken effect, and to nonpayment of a premium payable after that time, and cannot be held to refer to that premium which the policy contemplates and requires to be paid before the contract of insurance has any binding force.

This policy does not provide that it shall be avoided or forfeited upon the failure to pay any note or obligation given for a premium, and differs in that respect from the cases of *Pitt* v. *Berkshire Insurance Co.* 100 Mass. 500; and *Roberts* v. *New England Insurance Co.* Disney, 355, cited for the defendants.

The subsequent stipulation, by which the policy, and any sums that shall become due thereon from the company, are pledged and hypothecated to them to secure the payment of any premium on which credit may be given, and of any note or security therefor, expressly declares that " this pledge and hypothecation shall in no respect affect the provisions respecting the forfeiture of the policy," and cannot therefore enlarge those provisions.

The difference also in the form of the two notes taken by the defendants for part of the premium — that for the smallest

amount and payable in the shortest time omitting the provision, which is carefully inserted in the other, of " said policy being agreed to be subject to forfeiture and to become void in case of nonpayment of interest and principal of this note in compliance with the terms thereof" — accords with the construction that nonpayment of the first note was not intended to have the effect of avoiding the policy.

The refusal of the assured to pay that note after it had become due, accompanied by the statement that " he would not have anything more to do with the company, and abandoned the whole thing," does not appear to have been assented to by the company ; for the company continued to hold the notes, and the assured to hold the policy.

The defendants, having admitted the death of the assured and due notice and proof thereof, and having failed to show that the policy was forfeited, cancelled, or in any way avoided or determined before his death, are liable to his administratrix in this action.                                    *Judgment for the plaintiff.*