MARY J. BEEZLEY, Appellant, v. THE DES MOINES LIFE
ASSOCIATION.

**Life Insurance:** TAKING NOTE FOR PREMIUM: *Forfeiture.* A policy
provided for payments coming due in May, and quarterly there-
after, and that failure to pay, upon notice, should work a forfeit-
ure. A note was taken for the first three installments, and it
stipulated that they should come due on May *nineteenth,* and
quarterly thereafter, and that a failure to pay an installment
should render the whole note due. Notice was given, demanding
payment, as fixed by the policy, but no payment was made at
either the time fixed by the policy or note. *Held,* the taking of
the note did not limit the insurer to sue on the note in case pre-
mium installments were not paid, and a forfeiture may be declared
under the policy, if payments are not made as provided by either
note or policy.

*Appeal from Polk District Court.*—HON. W. F. CONRAD,
Judge.

SATURDAY, DECEMBER 12, 1896.

ON February 19, 1893, the defendant executed and
delivered to William Beezley, of Des Moines, Iowa, a
policy of insurance upon his life, containing this pre-
vision: "And in case of the death of said party while
in good standing to participate in the mortuary fund
of the association to the amount of the guarantee
note, less the balance, if any, due the company for
the current year's insurance, said benefit to be paid at
the home office, in Des Moines, Iowa, to Mary J.
Beezley, if then living."

The premiums were payable quarterly, to-wit,
ten dollars and eighty cents at the time the policy
was issued, ten dollars and eighty cents in ninety days
thereafter, and so on indefinitely. The policy made
the second payment, due May 1, and the others quar-
terly thereafter; but a note was taken, by the terms

of which the second quarterly payment matured May nineteenth, after its date, and the next one ninety days thereafter. Ten dollars and eighty cents was paid in cash when the policy was issued. The next two quarterly payments were not paid.

The assured died on October 20, 1892. The policy contained the following provision: "That, if the quarterly payments or the payments on the guaranty note are not received by this association within sixty days from date of notice, then this policy shall be null and void and of no effect until all arrearages are paid, and health blanks signed and approved by the association." When the policy was executed, the assured executed to the defendant a note as follows:

"$32.40.     Des Moines, Iowa, February 19, 1892. For value received, I promise to pay to the Des Moines Life Association, in Des Moines, Iowa, thirty-two dollars and 40-100 cents, in three equal installments, the first installment to be due and payable in ninety days from date hereof, and each ninety days thereafter until the whole amount thereof is paid, without interest, if paid when due; otherwise, eight per cent. from maturity. This note is given for the first year's insurance, and in case a policy is not issued, to be void, and to be returned to the maker. In case any of the above installments are not paid when due, or within thirty days thereafter, then this note all falls due and payable at once. If suit is brought to collect this note, I agree to pay the costs of collecting, including attorney's fees, Wm. Beezley. P. O.: 102 E. 12th street, Des Moines, Iowa."

The policy also provided that a "printed or written notice, directed to the address of each member as they appear on the books of the association, and forwarded as aforesaid, shall be deemed a legal notice." The application of the assured directed that these notices should be mailed to M. J. Beezley, 102 East Twelfth

street, Des Moines, Iowa. April 1, 1892, a notice was thus mailed, to the effect that there would be due on May 1, 1892, on the policy of William Beezley, ten dollars and eighty cents, and that a failure to pay the same would "cause the forfeiture of your insurance."

May 2, 1892, a second notice was mailed, to the effect that the amount then past due on the policy was: fine, ten cents; quarterly payment, ten dollars and eighty cents,—total to pay, ten dollars and ninety cents; and "if this is not received at the office on or before June 1, 1892, your policy will promptly lapse."

This action is brought to recover on the policy. The defense is that there is no liability by reason of the non-payment of the quarterly amount of premium due May 19, 1892. The cause was tried to the court, and a judgment entered for the defendant, and against plaintiff, for costs. Plaintiff appeals.—*Affirmed.*

*Barcroft & McCaughan* for appellant.

*Cummins & Wright* for appellee.

KINNE, J.—I. The contentions of the appellant are: First, that inasmuch as a note was given for the premium, except for the first quarter, which was paid in cash, it follows that the association cannot take advantage of the provisions of the policy relating to a forfeiture, but are limited to a right of recovery on the note; second, it is claimed that the notices were not mailed to the proper party. The contract between the assured and the association is embodied in the policy and the note. The quarterly premiums stipulated for in the policy and the quarterly payments provided for in the note are the same. By the terms of the policy it is expressly provided "that, if the quarterly payments * * * are not received by the

association within sixty days from date of notice, then this policy shall be null and void and of no effect."

We look to both the policy and the note to ascertain the contract of the parties, and what that contract is must be determined in view of the fact that these two instruments were contemporaneous. Bearing these facts in mind, we conclude that there was no purpose or intent that the taking of the note should waive the provisions of the policy touching the prompt payment of premiums. This is not a case where a note is taken for the entire premium, for the premium due at the time the policy was issued was paid in cash. Nor is it a case of extending time of payment of a premium, and accepting a note therefor. The question is: Did the taking of the note, under the circumstances disclosed, operate to prevent the association from relying upon the provisions of the policy requiring a prompt payment of the quarterly premiums?

It seems to us that it did not. Counsel for appellant relies upon *McAllister v. Insurance Co.*, 101 Mass., 558.

That case is, as it seems to us, rather an authority in support of the holding of the district court in this case. In the cited case the entire premium for a year was due and payable when the policy issued, and a like sum was to be paid at a fixed date every year. The policy contained the usual provisions for the forfeiture of the contract in case the premium was not paid. The company accepted a part of the payment in cash, and took notes for the remainder, one maturing in six months, and the others on demand after five years. The six-months note was not paid. The assured died. The court said:

"The defendants rely upon that provision of the policy which declares that, 'in case any premium due upon the policy shall not be paid at the day when payable, the policy shall thereupon become forfeited

and void,' except for a certain period, which had expired before the death of the assured in this case. But the court is of opinion that this clause, which is inserted for the benefit of the insurers, and to be construed most strongly against them, and which merely provides that the policy 'shall become forfeited and void' in case of a premium 'shall not be paid at the day when payable,' can only apply to a policy which has once taken effect, and to non-payment of a premium payable after that time, and cannot be held to refer to that premium which the policy contemplates, and required to be paid before the contract of insurance has any binding force."

The theory of that case is that as the company had waived the payment of the cash premium, which was due before the policy became binding, and had taken a note for it, it was estopped from claiming that, by reason of the non-payment of the premium, the policy had lapsed.

The reasoning of the court is that such a forfeiture clause in the policy can only be applied in case the policy has once taken effect, and to the non-payment of a premium payable after the policy has become a binding obligation.

In the case at bar the premium which must be paid before the policy went in force was paid in cash, and it is now sought to forfeit the policy on account of non-payment of premiums which thereafter became due, and for which the note was given. We have examined other cases cited, but they do not throw any light upon the question before us. Our conclusion is that a fair construction of both policy and note upholds the judgment of the district court.

II. As to the notices little need be said. They were sent to the wife of the assured by his direction, as given in his application. The evidence shows that she received them, and sent them to her husband.

Every end which could be accomplished by such notices was fully attained in this case. In the light of the evidence, there can be no serious objection to them. The judgment below is AFFIRMED.