J. H. MOONEY, Respondent, v. HOME INSURANCE
COMPANY OF NEW YORK, Appellant.

Kansas City Court of Appeals, November 1, 1897.

1. **Insurance**: FAILURE TO PAY INSTALLMENT: LOSS. A policy of
insurance provided that it should become inoperative while a single
payment, promissory note or any portion of the premium remains past
due and unpaid. A loss occurred after a note given for part of the
cash payment became due and while it was unpaid. *Held,* the policy
was inoperative and assured could not recover.

2. ——: ——: RECEIPT: ESTOPPEL. Although the policy acknowl-
edged the receipt of the cash payment, the company was not estopped
from alleging and proving that such cash payment was not in fact
paid, especially where the application and policy seem to provide for
credit as to such cash payment.

3. ——: ——: NOTE TO AGENT: DEFENSE. The fact that a note for
the cash payment was given to the agent will not prevent the com-
pany from pleading its nonpayment as a defense to an action on the
policy.

4. ——: ——: WAIVER. In this case there is no element of waiver
of the payment of the first installment, but the case rests on the fact
that the time for the credit had expired before the loss.

*Appeal from the Grundy Circuit Court.*—HON.
P. C. STEPP, Judge.

REVERSED AND REMANDED.

*Fyke, Yates & Fyke* for appellant.

(1) If the language of the policy and application
is to be taken for what it says, the policy sued on was
void. (2) The above contingency happened, and it
can cut no possible figure that the note was taken in
the name of Cowhick; it was a note for a "portion
of the premium of the policy." (3) Nor does it make

any difference that the policy recites the receipt of $15 because: *First*. The policy provides that default in a note, acknowledged as cash or otherwise, given for the whole or any part of the premium, shall work a forfeiture. *Second*. Such a recital is always open to explanation under the authorities in this state. This matter is effectually settled by Judge GILL in *Dircks v. Ins. Co.*, 34 Mo. App. 31, *loc. cit.* 42.

*Harber & Knight* for respondent.

(1) Appellant having by its policy acknowleged the receipt of the first payment, $15, is estopped to now deny same. Wood on Insurance [2 Ed.], sec. 28; *Miller v. Ins. Co.*, 12 Wall. U. S. 285; *Ins. Co. v. Fanell*, 49 Ill. 180; *Basch v. Ins. Co.*, 6 Vroom (N. J.), 429; *Michael v. Ins. Co.*, 10 La. Ann. 737; *Real Estate Co. v. Coshow*, 41 Md. 59; *Ins. Co. v. Gilman*, 112 Ind. 7; 10 W. Rep. 842. (2) The policy having by appellant been delivered to its agent, Cowhick, and by him delivered, he knowing the premium had not been paid, and he having authority to collect the same, appellant thereby waived the condition in its policy regarding payment as a condition precedent to its taking effect. 1 Wood on Insurance [2 Ed.], sec. 28, pp. 71–75; 2 May on Insurance [3 Ed.], 260b; *Young v. Ins. Co.*, 45 Iowa, 376; *Bowman v. Ins. Co.*, 59 N. Y. 521; *Ins. Co. v. Neyland*, 9 Bush. 430; *Sheldon v. Ins. Co.*, 25 Conn. 9; *Farnum v. Ins. Co.*, 83 Cal. 246; *Ins. and Banking Co. v. Teiger*, 18 S. E. Rep. 195. (Supreme Court of Appeals West Va. decided Nov. 9, 1893.) *Griffith v. Ins. Co.*, 36 Pac. Rep. (Cal.) 113; *Ins. Co. v. Gilman*, 112 Ind. 7 (10 W. Rep. 842); *Terry v. Provident Fund Society*, 41 N. E. Rep. (Ind.) 18; *Willey v. Fidelity and Casualty Co.*, 77 Fed. Rep. 961; *Mason v. Ins. Co.*, 10 W. Va. 572; *Ins. Co. v. Christiensen*, 45 N.

W. Rep. (Neb.) 924; *Sheldon v. Ins. Co.*, 26 N. Y. 460; *Boehen v. Ins. Co.*, 31 N. Y. 131; *Wood v. Ins. Co.*, 32 N. Y. 619; *Behler v. Ins. Co.*, 68 Ind. 347; *Ins. Co. v. McLieg*, 8 La. 541; *Church v. Ins. Co.*, 66 N. Y. 222; *Mfg. Co. v. Ins. Co.*, 66 N. Y. 613; *Ins. Co. v. Hall*, 60 Ill. App. 159. (3) Under these circumstances the company is not concerned as to the payment of first, or cash portion of the premium, and the giving of the note was payment thereof so far as the company was concerned. *Brownfield v. Ins. Co.*, 35 Mo. App. 54; *Huggins v. Ins. Co.*, 41 Mo. App. 530; *Train v. Ins. Co.*, 62 N. Y. 598; *Bang v. Ins. Co.*, 1 Hughes (U. S. Cir.) 290; *Ins. Co. v. Ray*, 52 Miss. 325; *Baldwin v. Ins. Co.*, 56 Mo. 151; *Worth v. Ins. Co.*, 64 Mo. App. 583.

GILL, J.—This is a suit on an insurance policy for $1,000 covering plaintiff's dwelling in the village of Galt, Grundy county. The policy was issued in December, 1895, in pursuance of a written application therefor made through one Cowhick, a local agent at Galt. The premium agreed to be paid was $15 a year, or $75 for the entire five years the policy was to run. Plaintiff seems to have been unable to meet the first payment of $15 when the policy was issued but paid to the agent only $1 at the time, and gave his ninety-day note for the $14 payable to the said agent, and for the remainder of the premium made an installment note to the company whereby he agreed to pay $15 on the first days of December, 1896, 1897, 1898, and 1899. Plaintiff also failed to pay the note of $14, which had been given for the first or cash installment, and was in default on that account at the date when the building was burned in June, 1896.

Because of this default on the part of the assured the defendant denied its liability and contended that the policy was avoided under and by virtue of the fol-

lowing stipulation contained in both the written application and policy: "But it is expressly agreed that this company shall not be liable for any loss or damage that may occur to the property herein mentioned while any installment of the installment note given for premiums upon this policy remains due and unpaid; or *while any single payment, promissory note (acknowledged as cash or otherwise) given for the whole or any portion of the premium*, remains past due and unpaid."

In reply to this defense the plaintiff set up that the company by its policy had in terms acknowledged receipt of the first or cash installment, and that it was therefore estopped to deny such receipt, or that at all events defendant had received all of such premium to which it was entitled, and therefore had no right to claim a forfeiture of the policy.

The cause was tried before the court without the aid of a jury, resulting in a judgment in plaintiff's favor and defendant appealed.

On the undisputed facts of this case the plaintiff is not entitled to recover. It is clear that the assured failed to pay the first installment of the premium as he agreed—that at the date of the fire the note given for the first, or cash payment was "due and unpaid;" and then, giving force to the condition of the policy quoted in the foregoing statement, plaintiff's right to indemnity under the policy was suspended, or had become forfeited. *Dircks v. Ins. Co.*, 34 Mo. App. 31.

INSURANCE: failure to pay installment: loss.

The clause of the policy reciting that "The Home Insurance Company of New York *in consideration of $15 paid*, and the payment of installments when due on an installment note of $60 due as follows: "$15 on the first each of December, 1896," etc., does not estop the company from alleging and proving that said cash payment was

——: ——: receipt: estoppel.

*not* paid. As held by us in case just cited, an acknowledgment of the receipt of the premium in the policy does not estop the company from showing that such premium has not been in fact paid. It is evidence tending to show such payment but not *conclusive*. There is no reason for treating such acknowledgments different from other receipts. "The recital in the policy of the receipt of the premium is *prima facie* evidence of the payment, but only *prima facie*. Like all other receipts it is open to explanation." 2 May on Ins. [3 Ed.], sec. 359.

The policy in suit as well as the written application therefor seems to recognize that although payment *in cash be acknowledged* on the face of the instrument, yet a *note* may be taken for such acknowledged cash; and then it is provided, in plain and unambiguous terms contained in the application, that if such note *"be not paid promptly when due, then said policy shall be suspended, inoperative, and of no force or effect until such installment or promissory note is paid."* Even to admit then that the policy in suit on its face acknowledges the receipt *in cash* of the first yearly premium, yet the proof shows that such premium was not paid in cash (except to the extent of $1 only) but that a note was given by the assured due in ninety days and that at the date of the loss such note was past due and unpaid. According to the contract then existing between the parties the policy was then inoperative and of no force or effect.

But it is contended by plaintiff's counsel that the note given by the assured to cover the first yearly installment (and which in terms was payable to Cowhick, the agent) is a matter in which the defendant has no concern—that this was a business arrangement between the assured and the agent and that as to the defendant the plain-

——: ——: note to agent: defense.

tiff was not in default. It might be well said in answer to this contention, that it is of no consequence whether the proceeds of the $14 note and the whole title and interest therein belonged to Cowhick, the agent, or to the defendant company, since it is clear that it was given for and on account of the acknowledged cash payment, or first year's premium, and the clause in the application and policy applies as well and in effect declares that if the plaintiff failed to pay the same promptly at maturity then the policy should become void. Under the terms of the contract the policy was to become inoperative and of no force if the plaintiff failed to pay such note whether the same be the property of the insurer or its agent. This forfeiture clause was clearly intended to work as a security for the prompt payment of the premium or the note given therefor. It may have been equally the desire and intent of the company to protect the agent as well as itself.

But the position of plaintiff's counsel can not be maintained because of another aspect of the case. The note given by the assured to the agent for and on account of the first yearly premium was not shown to be the property of the agent. The first installment, or so-called cash premium, belonged to the insurance company. It is true that ordinarily this agent collected the first or cash premium and deducted therefrom his commission, accounting to defendant for the remainder. But in this case the agent's commission did not amount to so much as the face of the note or first installment. Nor did the agent claim this note as his individual absolute property. He testified that if the *entire premium for the five years* had been collected he would have been entitled to fifteen per cent of the $75 or $11.25, but if only a *part* thereof was collected

then his interest or compensation was proportionately
reduced—in other words that he was, at most, entitled
to retain of the amount he should actually collect,
fifteen per cent thereof.  Neither is there any evidence
in this case to show that this first installment was by
the company charged against the agent.  In short, the
proof shows without dispute that the plaintiff's obliga-
tion to pay the first or cash installment was a chose in
action belonging to the defendant, and at most the
agent had only such interest as his commission would
amount to.

There is nothing here tending to establish a waiver
of defendant's rights to insist on the payment of the
—: —: waiver. first installment at the time required by
the note given therefor.  This is not a
case where it is sought to defeat the policy because of
a provision requiring the premium to be first paid
before the policy shall take effect, and where the agent
delivers the policy without such cash payment.  In
many such cases prepayment of the premium may be
considered as waived by virtue of the conduct of the
company or its agent showing that credit was ex-
tended.  But here the case is different.  There is no
question as to the taking effect of the policy *at the date
of its delivery*, but the defense is that the time of
credit expired before the loss.  It is conceded that the
policy took effect at delivery, but it is contended and
shown by the proof, when read in the light of the
policy, that the contract of indemnity was rendered
void by the plaintiff's failure to pay according to the
agreement for extended credit.  We do not dispute
the proposition contained in the case so much relied
on by plaintiff's counsel (*Griffith v. Ins. Co.*, 101 Cal.
627) that prepayment of the premium may be waived
"by the unconditional delivery of the policy to the
assured, as a completed and executed contract, under

an express or implied agreement that a credit shall be given for the premium, and that in such case the company is liable for a loss which may occur *during the period of credit.*'' But we hold, as conceded by the foregoing italicized words, that there will be no waiver where the insured fails to pay within the credit period, and where the policy expressly provides that the policy shall be suspended and inoperative if the assured fail to pay within such period of credit.

The judgment will be reversed and the cause remanded. All concur.