JAMES H. MOONEY, Respondent, v. HOME INSURANCE COMPANY OF NEW YORK, Appellant.

Kansas City Court of Appeals, April 24, 1899.

1. **Insurance**: ACKNOWLEDGMENT OF RECEIPT OF PREMIUM: DEFAULT IN PAYMENT OF NOTE. Though an acknowledgment of the receipt of a premium in a policy can not be denied so as to destroy its original validity, yet the policy may stipulate that the nonpayment of a note when due shall suspend the policy, and such stipulation will be valid and binding.

2. ———: SETTLEMENT OF PREMIUM IN AGENT'S ACCOUNT: NOTE TO AGENT. Where the premium on a policy of insurance is paid to the insurer in the accounting of the agent for the month in which the policy was issued and the note of the assured is taken by the agent for the amount of such premium, and the agent takes said note as his own, extending the time thereof, the failure to pay the note will constitute no defense to an action on the policy, because the insurer has actually received the money and the agent has waived the prompt payment.

Mooney v. Ins. Co.

*Appeal from the Grundy Circuit Court.*—HON. P. C.
STEPP, Judge.

AFFIRMED.

FYKE, YATES, FYKE & SNIDER for appellant.

(1) Dobyns v. Ben. Ass'n, 144 Mo. 95, relied upon by respondent, is not decisive of this case upon the question of the conclusiveness of the recital, "in consideration of $15, paid," etc. The Home Insurance Company does insure, etc. The. Dobyns policy contained no such condition as appears here. Our policy recognizes the fact that the premium may be acknowledged as paid and yet a note may be outstanding for same. (2) It has already been decided by this court that the fact that the past due note was made payable to the agent, can not obviate the suspension of the policy. Mooney v. Ins. Co., 72 Mo. App. 92. (3) Can it make any difference that Cowhick had paid the company its part of this fourteen dollar note? The fact remains that the note given for a "portion of the premium" is past due at time of loss, and the reasons that impelled the company to insert such a provision in the policy are quite as strong as they would be if it had received nothing. It had received nothing so far as the assured is concerned. (4) The alleged waiver by Cowhick of prompt payment of the note can not affect appellant. The policy condition with reference to nonpayment of a note or notes is positive; the application contains a non-waiver clause exactly like that in Shoup v. Ins. Co., 51 Mo. App. 286, while the policy provides that the secretary of the farm department alone has power to waive or alter any of its terms or conditions. Laundry Co. v. Ins. Co., 66 Mo. App. 199; Jenkins v. Ins. Co., 58 Mo. App. 210; Sprague v. Ins. Co., 49 Mo. App. 423; Greenwood v. Ins. Co., 27 Mo. App. 401.

HARBER & KNIGHT for respondent.

(1)   The defendant can not, after having acknowledged the receipt of the fifteen dollars, be heard to claim that this sum, in fact, was not paid, but a note was taken therefor, and this note having become due and being unpaid, the policy is, therefore, forfeited.   Dobyns v. Ben. Ass'n, 144 Mo. 95; Jacobs v. Ins. Co., 48 S. W. Rep. 462; Miller v. Ins. Co., 12 Wall. 285; Ins. Co. v. Farrell, 49 Ill. 180; Bosch v. Ins. Co., 6 Vroom (N. J.) 479; Michael v. Ins. Co., 10 La. Ann. 737; Real Estate Co. v. Coshow, 41 Md. 59; Ins. Co. v. Gilman, 112 Ind. 7.   (2)   The evidence, showing as it conclusively does, that appellant not only charged its agent, Cowhick, with the $3.75 due it upon the policy issued to Mr. Mooney, but that Mr. Cowhick had actually paid same to the company long prior to the fire, the transaction, therefore, so far as the company was concerned, was equivalent to, in fact was, a cash payment.   Cases almost without number, and from the highest and most respectable courts of the land, might be cited upon this proposition.   A few, perhaps, will be sufficient.   Ins. Co. v. Teiger, 18 S. E. Rep. (Va.) 195; Behler v. Ins. Co., 68 Ind. 347;  11 Am. and Eng. Ency. of Law, 308, 336;  Ins. Co. v. Jenks, 5 Ind. 96; Bodine v. Ins. Co., 51 N. Y. 117; Train v. Ins. Co., 62 N. Y. 598; Ins. Co. v. Ray, 52 Miss. 325; Ins. Co. v. Hoover, 113 Pa. St. 591; Ins. Co. v.Black, 109 Pa. St. 535; Ins. Co. v. Norton, 96 U. S. 234; Miller v. Ins. Co., 12 Wall. 285; Farnum v. Ins. Co., 83 Cal. 246; White v. Ins. Co., 120 Mass. 330; Bang v. Ins. Co., 1 Hughes (U. S. Cir.) 290; Boehm v. Ins. Co., 35 N. Y. 131; Brownfield v. Ins. Co., 35 Mo. App. 54; Huggins v. Ins. Co., 41 Mo. App. 530; Baldwin v. Ins. Co., 56 Mo. App. 151; Worth v. Ins. Co., 64 Mo. App. 583.

GILL, J.—This case is here on a second appeal.   An understanding of the questions involved may be had by consulting our former opinion, 72 Mo. App. 92.

It will be seen that plaintiff's right of recovery was then denied because of his failure to pay a note given the defendant's agent for the first or cash premium, which default, under the terms of the policy, operated to suspend the insurance during such default—the fire occurring within that period.    The cause being remanded, another trial was had, resulting again in a judgment in plaintiff's favor and defendant appealed.

I.    It is contended by plaintiff's counsel, as before, that as the policy recites or acknowledges the payment of the first or cash premium, defendant is estopped from showing that it was not paid.  In other words, that in face of that acknowledgment defendant can not be allowed the defense interposed, to the effect that for said first premium plaintiff gave his note payable at a future day and that default was made in that promise.    In support of this renewed contention, a late case in the supreme court, Dobyns v. Bay State Ben. Ass'n, 144 Mo. 95, is relied on.    In my opinion plaintiff's contention goes beyond the doctrine of that case. As I understand the opinion of Judge Gantt, it is there decided that the acknowledged receipt of the premium in the policy can not be denied *so as to destroy the original validity of the policy,* but that this will not shut out proof that for such premium a note was given and that the policy had become forfeited by a subsequent failure to pay said note.    In the opinion it is said:    "This doctrine," referring to the force given to the acknowledgment of the receipt of the premium, "is clearly distinguishable from that class of cases in which the insured gives his note for the premium, and agrees that if his note is not paid at maturity the policy shall become void.    In such a case the policy is operative until the happening of a condition subsequent.    Pitt v. Berkshire Ins. Co., 100 Mass. 500; Baker v. Ins. Co., 43 N. Y. 283.    The evidence in those cases was not admitted to show that the contract was *originally void for want of consideration,* but to show in what the condition

*Margin note:* INSURANCE: acknowledgment of receipt of premium: default in payment of note.

consisted and that the policy had become void for conditions broken."

So in the case we have here, conceding that the acknowledgment of payment of the premium in the face of the policy may be sufficient to give life to the contract when made, and yet if it should appear that for this so-called cash premium a note was given payable at a future time, and the policy should provide (as it does here) that the instrument should become inoperative and suspended during a default in the payment of such note, we know of no reason or authority why the contract should not be given effect as the parties have made it.    As said in Baker v. Ins. Co., 43 N. Y., cited by Judge Gantt: "The evidence in explanation of the receipt here was not to show that the contract was *originally void for want of consideration*, but to show in what the consideration in fact consisted, and that the policy had become void for condition broken."

II.    In one respect however plaintiff's case has been materially improved since it was here on the former appeal. Preliminary to stating this, it becomes necessary to say, that the policy (which was for $1,500) was issued in December, 1895, was to run for five years and for which the assured was to make a cash payment of $15 and the like amount in advance each year thereafter.    Cowhick, the defendant's agent at Galt where the policy was taken, was entitled to a commission of fifteen per cent on the gross premium, that is $11.25 of the $15, the defendant being entitled to the remaining $3.75 and the other instalments to be paid by plaintiff in the future. The agent kept a running account with his company charging himself with premiums collected and crediting himself with his comissions, and usually at the end of the month the agent would furnish the company with a statement of account, remitting to it whatever balance was due.    At the close of the month in which plaintiff's policy was issued the agent settled

——: settlement of premium in agent's account: note to agent.

with the defendant company and the account then rendered conclusively shows that the agent was charged with the first premium as cash received by him; and on this monthly report he paid over to the company the sum of $8.97, the "full amount of my account." It clearly appears from the face of the statement of account then rendered, as also from the testimony of the witnesses, that the agent took the Mooney note (which was payable to the order of said agent) as his own property and that the defendant company thereby received payment of said first premium.

It also further appears from the evidence that said agent treated said note as his own property and from time to time extended the date of payment, assuring plaintiff that the company had nothing to do with it, that he had accounted to it for the note, etc.

Under these circumstances then it would seem clear that the defendant can not complain of the default in paying the first premium, for as to said company it had been paid, nor as to default in paying the note given therefor since it manifestly belonged to the agent. It has been repeatedly decided that where the insurance company charges premiums personally to the agent, who gives credit to the insurer, it amounts to payment to the company. Ins. Co. v. Teiger, 90 Va. 277; Ins. Co. v. Hoover, 113 Pa. St. 591; White v. Ins. Co., 120 Mass. 330; Shelden v. Ins. Co., 26 N. Y. loc. cit. 464.

And further as to the agent; even if we concede that he is entitled to the protection of the policy, and that its provisions were intended to secure him as well as the company, yet since, as the evidence shows, he consented to the default and voluntarily agreed with plaintiff for the extension of time, he will be deemed as having waived the protection of the terms of the policy.

Under the circumstances, therefore, as they now appear from the evidence, the failure on plaintiff's part to pay the note given for the first annual premium is no defense, because,

as to defendant, the premium was actually paid; and because, as to the agent (to whom the note belonged) prompt payment thereof was waived.

The judgment of the circuit court will be affirmed. All concur.