WILLIAM E. TUCKER v. THE DAIRY MUTUAL INSURANCE COMPANY of Lisbon, Iowa, Appellant.

**Fire Insurance:** *Renewal estoppel to deny.*   An insurance company insisted that there was a renewal of a policy and that insured was indebted for a year's premium with the privilege of cancelling on paying $22; and after loss, without knowledge thereof, it received the full premium for such year.   On learning of

the loss, it tendered back the premium in excess of $22 claiming that there had been a cancellation. *Held*, that having retained part of the premium, it could not insist that there was no renewal.

SAME:  *Attitude of insured.*  Contention by insured that the policy is not renewed, and that, therefore, he does not owe the premium, does not cancel it.

*Appeal from Linn District Court.*—HON. H. M. REMLEY, Judge.

TUESDAY, FEBRUARY 11, 1902.

ACTION on policy of insurance. The defense was based on the ground that the policy was not in force at the time of the loss. Verdict for plaintiff. From judgment thereon defendant appeals.—*Affirmed.*

*Charles W. Kepler* for appellant.

*J. C. Leonard, C. A. Carpenter,* and *Gray & Tucker* for appellee

McCLAIN, J.—The defendant is a mutual insurance company, and in December, 1896, it issued a policy to the plaintiff, insuring for one year the property described. In December, 1897, there was correspondence with reference to a renewal, and in April, 1898, the defendant was insisting that the policy was still in force by virtue of stipulations in the application and premium note making them self-renewing until the policy should be canceled. Plaintiff insisted, on the other hand, that the policy was not in force, and objected to the demand made on him by defendant for payment of premium for another year, but plaintiff at no time took any steps to cancel the policy. In June following a letter was written by some one in behalf of defendant to a firm of attorneys in Wisconsin, doing business near plaintiff's place of residence, inclosing to them a claim of some kind against the plaintiff for

premium on renewal of the policy for one year, advising them that, although plaintiff claimed that the policy was not in force, he evidently had overlooked the self-renewing feature of the note and application, and directing them to collect the amount of the premium, advising them at the same time that plaintiff had the privilege of canceling the policy on payment of $22. It is immaterial whether the person writing this letter had authority to do so, inasmuch as defendant afterward fully recognized the authority of these attorneys to act for it. Immediately after receipt by defendant's attorneys of this letter, plaintiff's attorneys paid to said attorneys of defendant $28, taking a receipt therefor, on an instrument which must have been the one inclosed by defendant in the letter to its attorneys, which purported on its face to be a draft on plaintiff in favor of another party for that sum. This payment was made on the afternoon of June 15th, and it appears that the property covered by the insurance—a creamery—had been destroyed by fire earlier on the same day, although this fact was not known to the attorneys who received the money. The amount received was by them remitted, less collection fee, to defendant, and the surplus,—over $22,—which defendant claimed was the amount due it on cancellation of the policy, was returned to the attorneys who made the remittance, with direction to tender the surplus to plaintiff, which was accordingly done, but the tender was refused. This statement of facts is somewhat complicated by reason of some uncertainty in the evidence introduced or in the record thereof presented to us, but the facts we have stated show that up to within a few days of the time of the loss defendant was claiming that the policy was renewed, and was in force, and that plaintiff owed defendant the entire amount of the premium for a year's renewal. The attempt of defendant, after the loss, to take the position that the policy had been canceled prior to the loss, and that it was seeking to collect only the short rate up to the time of cancellation, was inconsistent with its previous claim, for prior

to the loss it had insisted that plaintiff was indebted to it for the full amount of the year's premium for the renewal of the policy from December, 1897, with the privilege of canceling on the payment of $22, should plaintiff see fit to avail himself of that option, and there is no evidence whatever of any attempted cancellation by plaintiff at any time. Plaintiff's position throughout up to the time of the loss, was that there had been no renewal rendering him liable for any additional amount by way of premium. Defendant, having received and retained without objection a portion of the premium claimed for the renewal of the policy, cannot now insist that there was no renewal; and, as we have seen, there was no cancellation. Therefore defendant must be held liable. No authorities are necessary to sustain so evident a proposition, but the case of *McAllister v. Insurance Co.*, 101 Mass. 558, (3 Am. Rep. 404), may be referred to as supporting the statement that a contention by insured that the policy is not in force will not amount to a cancellation of the policy if it is a valid obligation. This conclusion renders it unnecessary to discuss the assignments of error with reference to the admission of evidence and the instructions given. We see no error in the rulings, but, if there were errors, they related to matters which were wholly immaterial to the decision of the case, and could not have prejudiced appellant.— AFFIRMED.