## OLIVE J. LEEPER, Respondent, v. FRANKLIN LIFE INSURANCE COMPANY, Appellant.

### Kansas City Court of Appeals, April 7, 1902.

Life Insurance: PAYMENT OF PREMIUM: UNPAID NOTE: ACTION. A life insurance policy issued in June recited as a consideration, among other things, the payment of forty dollars. The fact was, a less sum was paid and the insured gave his note for thirty dollars due September following, and died the next February leaving said note unpaid. The policy provided that a failure to pay any note when due avoided the policy. *Held*, that the policy was forfeited and no action would lie thereon. Cases distinguished.

Appeal from Grundy Circuit Court.—*Hon. P. C. Stepp,* Judge.

REVERSED.

*Fyke, Yates & Fyke* for appellant.

Our contention is that under the undisputed facts and the plain terms and conditions of the contract, the policy became void September 1, 1900, for non-payment of the note given for part of the premium. Dircks v. Ins. Co., 34 Mo. App. 31; Mooney v. Ins. Co., 72 Mo. App. 92; Mooney v. Ins. Co., 80 Mo. App. 192.

*Harber & Knight* for respondent.

In no case can a party to a contract, therein acknowledge the receipt of a valuable consideration, nor ever thereafter in an action upon such contract be heard to deny receiving such consideration, except for fraud or mistake. Dobyns v. Ins.

Co., 144 Mo. 95; Jacobs v. Ins. Co., supra, 146 Mo. 523; Miller v. Ins. Co., 12 Wall. 285; Ins. Co. v. Farrell, 49 Ill. 180; Michael v. Ins. Co., 10 La. An. 737; Real Estate Co. v. Coshow, 41 Md. 59; Ins. Co. v. Gilman, 112 Ind. 7; Ins. Co. v. Mueller, 77 Ill. 22; Ins. Co. v. Anderson, 77 Ill. 384; Ins. Co. v. Coshow, 41 Md. 59-77; Ins. Co. v. Wolff, 37 Ill. 354; Life Ass'n v. Sibley, 57 Ill. App. 246; Basch v. Ins. Co., 35 N. J. Law (6 Vroom) 429; Ins. Co. v. Booker, 56 Tenn. 9 (Heisk.) 606; Griffith v. Ins. Co., 36 Pac. Rep. (Cal.) 113; Ins. Co. v. Mueller, 77 Ill. 22; Basch v. Ins. Co., 35 Law (6 Vroom.) 429; Ins. Co. v. Wolf, 37 Ill. 354.

ELLISON, J.—This is an action on a policy of life insurance issued June 1, 1900, wherein plaintiff is the beneficiary, her husband, James E. Leeper, being the party insured. He died the following February and defendant refused to pay. The judgment in the trial court was for plaintiff.

Among other things, the policy recited that in consideration of a former certificate issued by defendant, "and the payment of $40.55, being the premium for one years' insurance, and in consideration of the further payment of a like amount on or before the first day of June in every year thereafter," the defendant promises to pay $3,000 upon the death of the assured.

In point of fact the assured only paid a lesser portion of the premium thus acknowledged to have been paid, for the balance, he executed his promissory note for $30.47 due on September 1, following with seven per cent interest. The policy contained a provision that a failure to pay any note, principal and interest, when due would render it null and void. The assured did not pay the note when due; nor was it paid prior to his death, nor since then. The plaintiff undertakes to support the judgment on the ground that since the policy acknowledged the receipt of the first year's pre-

mium and that the assured died within that time, the defendant could not be heard to say that it had not been paid, or that the contract was non-effective.    In support of this contention reliance is placed on the case of Dobyns v. Ins. Co., 144 Mo. 95, cited with approval in Jacobs v. Ins. Co., 146 Mo. 523.    That case furnishes no support whatever for the judgment here.    That case merely decided that where an insurance policy acknowledged the receipt of the premium, the company can not deny its payment for the purpose of defeating the policy as an effective and valid policy of insurance upon sufficient consideration, and that the policy would continue in force for the first period named as covered by the premium acknowledged to have been paid.    But that policy did not contain the stipulation found in the one in suit, viz.: that if the note was not paid when due the policy should become void.    Judge GANTT expressly distinguishes that case from a case like the one before us; and he cites authority to show the difference.    Pitt v. Ins. Co., 100 Mass. 500; Baker v. Ins. Co., 43 N. Y. 283.    Notwithstanding an insurance policy may acknowledge the payment of the first premium, it may be shown that in fact a note was taken for such premium, and if the contract is that if such note is not paid when due the policy shall be void, it will be enforced just as any other contract between parties capable of contracting.    Authorities, supra.    As stated by Judge GANTT, in the Dobyns case, the evidence in cases like the present is not admitted to show the contract was originally void for want of consideration (for the policy has admitted a consideration) but to show in what the consideration consisted and that the policy had *subsequently* become void for condition broken.    The cases cited us, including McAllister v. Ins. Co., 101 Mass. 558, are not in point; that case is likewise expressly distinguished from a case like the one at bar.    The precise question was before this court in Mooney v. Ins. Co., 80 Mo. App. 192, where

Judge GILL, construed the Dobyns case. What was then said should have controlled this case in the trial court. The judgment will be reversed. All concur.