J. E. FINNEY, RESPONDENT, v. AMERICAN CENTRAL INS. COMPANY, APPELLANT.—41 S. W. (2d) 1063.

Kansas City Court of Appeals. February 14, 1927.

*John E. Powell* and *Lesley P. Robinson* for respondent.

*Fyke, Hume & Hall* and *Davis & Ashby* for appellant.

ARNOLD, J.—This is an action to recover on a policy of fire and tornado insurance.

The record discloses that defendant is a corporation organized and operating under the laws of the State of Missouri, engaged in the business of writing fire and tornado insurance, and having its headquarters in the City of St. Louis in said State. Plaintiff is a farmer residing near Princeton in Mercer County, Missouri, and, at the time of the issuance of the policy in suit, he was the owner and in possession of the property alleged to have been destroyed by fire and for which he seeks recovery herein.

The policy sued on is numbered T3702 and covered the property described therein from April 28, 1924, for five years. The policy was issued by defendant at its office in St. Louis, countersigned by O. A. Bray, manager of defendant's Farm Bureau Department, as of April 28, 1924, and afterwards mailed to J. D. Coon, its resident agent at Princeton, Mo., and countersigned by him on July 16, 1924. It was written in the total sum of $6650 against loss or damage by fire, lightning, windstorm, cyclone or tornado, covering different items in stipulated sums, including horses, mules, colts, cattle, grain and seeds of all kinds; harness, saddles, robes, blankets, whips, carriages, buggies, sleighs, wagons and all other farm vehicles; hay, straw, fodder, ground feed and all kinds of manufactured stock food; dwelling house, household and kitchen furniture and furnishings of all kinds; smoke house and produce house; two barns and sheds attached, including foundations and fixtures and one corn crib.

On February 22, 1925, certain property enumerated in the policy was destroyed by fire, to-wit, cattle, horses, mules and colts; grain and seeds, harness, saddles, robes, blankets, wagons and other farm vehicles; hay, straw and fodder and other stock foods; a barn and sheds attached, including foundation and fixtures, in the alleged total value of $2731, and for this amount the petition seeks judg-

ment and for a reasonable attorney's fee and for ten per cent vexatious refusal to pay.

The petition charges that the said policy was issued as above stated in consideration of the payment by plaintiff to defendant of the sum of $66.50 cash and the payment at maturity of an installment note for $266, payable in four equal installments of $66.50 each, due on the 1st day of April, 1925, 1926, 1927 and 1928 respectively.

It appears that in April, 1924, plaintiff and defendant's local agent, Coon, had a conversation in reference to obtaining the insurance involved in this suit; and that at that time plaintiff executed the installment note above mentioned for $266, which was mailed by said agent to defendant's head office in St. Louis; that on July 19, 1924, after the policy had been countersigned and returned to the agent, Coon, plaintiff signed the note for $66.50, at Coon's office, which was to become due and payable on January 1, 1925.

The answer admits the corporate status of defendant, as alleged, and that on April 28, 1924, it executed to plaintiff its policy of insurance, but denies that said policy was issued in consideration of the sum of $66.50 cash and payment at maturity of the installment note of $266; and further denies that said policy was in full force and effect on February 22, 1925.

As further answer defendant states the whole premium for said policy to be paid by plaintiff was $332.50, one-fifth of which was $66.50 which was to be paid in cash at the time the policy was issued; but that said sum was the first installment of the premium and was not paid in cash, but that, at the special instance and request of plaintiff, defendant thereafter accepted a promissory note in said sum, payable January 1, 1925; states that it was provided in said policy as follows:

"This company shall not be liable for any loss or damage that may occur to the property herein mentioned while any promissory note or obligation, or part thereof, given for the premium remains due and unpaid."

And that it is provided in said promissory note:

"that in case of non-payment of this note when due this company shall not be liable for loss during such default, and the policy for which this note was given shall lapse until payment is made to the company at St. Louis, Mo."

The answer further states that said policy was issued upon an application therefor signed by plaintiff and the note for $66.50 referred to was given for part of the premium on said policy; that said application provided:

"If a note (acknowledged as cash or otherwise) be given for the whole or any part of the premium for any policy issued for the insurance herein applied for, in case said note be not paid at ma-

turity the policy shall lapse and the same shall be suspended, inoperative and of no force and effect, so long as such note or any part thereof remains overdue and unpaid.''

And defendant alleges that neither said note nor any part thereof had been paid on February 22, 1925, and by reason thereof, the said policy was not then in force.

It was developed during the trial that in April, 1923, defendant had issued to plaintiff a policy of insurance in the same amount and covering the identical property as the one in suit, for the same premium for a period of five years from April 28, 1923; that for the premium on that policy, plaintiff executed one note payable to the agent, Coon, in lieu of the first installment or cash part of the premium, and executed to defendant an installment note for $266, as herein. The note executed to the agent, Coon, was not paid, nor was the installment note paid, nor any part of it. On May 23, 1924, plaintiff was notified of the default and negotiations were entered into which resulted in the cancellation of the said first policy and notes and the issuance of the new policy sued on, effective April 28, 1924, as above indicated. There was no new application required, the present policy being issued upon the former application.

It is further alleged in the answer that the said policy provides:

''Upon the commencement of foreclosure proceedings this policy shall be null and void.''

And it is averred that prior to the fire, foreclosure proceedings had been commenced to foreclose an existing deed of trust upon the property covered by the policy herein; that the property had been advertised for sale and therefore that plaintiff is not entitled to recover. The answer also includes a general denial of all matters in the petition not specifically admitted in the answer.

The reply is a general denial. Upon the pleadings thus made the cause was tried to a jury, resulting in a verdict for plaintiff in the sum of $2731. Judgment was entered accordingly. Motions for a new trial and in arrest of judgment were unavailing and defendant has appealed.

Under points and authorities it is urged that the fact that plaintiff failed to pay the note for $66.50, due January 1, 1925, is undisputed; that payment thereof was in default when the fire occurred February 22, 1925, is not disputed, and that both the policy and the said note provide that in such case defendant is not liable. In this connection, it is argued that the note for $66.50 due January 1, 1925, was made payable to defendant and was given as part of the premium for the policy sued on; that the same was in default at the time of the fire and that both the policy and note provide that in such case, the risk is suspended. There is no dispute that both the policy and note contain this provision.

In this respect, it is plaintiff's position that the consideration specified in the policy is as follows:

"In consideration of the stipulations herein named and $66.50 cash, and the payment at maturity of a certain promissory note of even date herewith for $266, payable in four equal installments on the first of April, 1925, 1926, 1927 and 1928, does insure J. E. Finney," etc.

In other words, it is argued that as the note for $66.50 was accepted as cash, the fact that it was unpaid and in arrears at the time of the fire and loss does not work a suspension of the risk, because the note was accepted as cash and thereby constituted payment for the first installment of the stipulated premium, as per the terms of the contract, as above indicated, i. e., "consideration of the stipulation herein named and $66.50 cash. . . ." The stipulations herein named being "the payment at maturity of a certain promissory note of even date herewith for $266. . . ." The determination of this appeal would seem to depend upon the proper construction to be placed upon the $66.50 note, and to this end it will be necessary to go both to the policy and the note.

The policy provides the defendant shall not be liable under the policy while any promissory note or obligation or any part thereof given for the premium remains past due and unpaid. Also, the note itself provides that it is agreed that "in case of non-payment of this note when due, this company shall not be liable." This language must be held to be unambiguous. The general rule in this respect is laid down in 26 C. J., p. 68, as follows:

"And it has been held that the acknowledgment of a cash payment of the premium will not estop the insurer from showing that such payment was in fact made by a note which has not been paid." [Mooney v. Insurance Co., 72 Mo. App. 92.] In this case it was held by this court that where a policy of insurance provided that it should become inoperative while a single payment, promissory note or any portion of the premium remains pas due and unpaid and a loss occurs after a note given for part payment became due and unpaid, the policy was inoperative. There can be no doubt that the recital of payment of premium contained in the policy raises a presumption that the payment was made, but whether this presumption is conclusive or rebuttable is a more difficult question. But when both the policy and the note provide that the policy shall become inoperative if the note, or any part of it, remains due and unpaid at the time the loss occurs, the difficulties disappear. Some courts have held that while a recital of the payment of the premium in a policy under seal may be contradicted for other purposes, as for example, to enforce payment of the premium, it cannot be contradicted for the purpose of avoiding the policy. However, other courts

do not observe any such distinction, but regard such recital in the policy as a mere receipt which is *prima-facie* evidence of payment, but only *prima-facie*, and may be contradicted for any purpose. In any event the recital of payment may be contradicted as to the person named in the loss payable clause and the insurer may set up that, in fact, the premium was not paid and the policy did not take effect, notwithstanding such recital. This last named rule is the one effective in this State. [Dircks v. Ins. Co., 34 Mo. App. 31; Leeper v. Ins. Co., 93 Mo. App. 602; O'Donnell v. Ins. Co., 222 S. W. 920, 923.] We have almost a counterpart of the present case in Dircks v. Ins. Co., where a premium note contained this stipulation:

"If this note is not paid at maturity, said policy shall then cease and determine, and be null and void and so remain until the same shall be fully paid," etc., and the policy itself contained a similar provision. This court held the assured could not maintain an action on the policy where a loss occurred after said note was past due and unpaid. The same rule is stated in the O'Donnell case.

Plaintiff insists that inasmuch as the agent, Coon, received as a commission twenty per cent of the premium, defendant may not interpose the plea of non-payment of the note in question as voiding the policy. We think this contention is without merit in view of the fact that the note was made payable to defendant and was in its possession. Plaintiff cites a number of cases in support of his argument that defendant is estopped from denying liability upon the grounds of non-payment of the $66.50 note in question. But an examination of the citations shows they support the rule laid down in the Dircks case. And this holding is found not to be in conflict with the rule in Berryman v. Surety Co., 285 Mo. 379, 227 S. W. 96, where the agent of defendant extended credit to the insured and granted him an extension of time in which to pay. Not so in the case at bar, as the facts demonstrate. Under the rule above stated, we are of the opinion that plaintiff is without right to maintain this action, and the court erred in refusing to give defendant's instruction in the nature of a demurrer at the close of all the evidence.

Defendant raises other points in support of the appeal but as the judgment will be reversed upon the point of non-payment of the first premium note, these questions need not be determined. The judgment is reversed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.