## ILLINOIS CENTRAL INSURANCE COMPANY

*v.*

## ANDREW J. WOLF.

1. *PAROL EVIDENCE—how far admissible to contradict recitals in deed.* Although parol evidence is admissible to contradict the acknowledgement in a deed of the payment of the consideration, provided it is not sought to impair the legal effect of the deed as a conveyance, yet it is inadmissible for the purpose of making the deed null.

2. POLICY OF INSURANCE. An insurance company cannot contradict the receipt of the premium contained in the policy for the purpose of avoiding it.

APPEAL from the Circuit Court of McLean county; the Hon JOHN M. SCOTT, Judge, presiding.

This was an action of covenant brought upon a policy of insurance at the September term, 1864, in which the plaintiff recovered a judgment for $600. All the material facts are given in the opinion of the court.

Messrs. GALLAGHER, MOORE & GREEN for appellants.

Messrs. TIPTON & BENJAMIN for appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the court:

This was an action of covenant brought by the appellee upon a policy of insurance. The policy, which was under seal, admitted the receipt, by the company, of the premium. The case was tried in the court below without a jury, and on the trial the appellant sought to prove, by parol, that although the policy admitted the payment of the premium, yet it was not in fact paid, but a note at sixty days was taken therefor. It was insisted, said note not having been paid, that the policy was void under one of the conditions therein, to the effect that where a note is taken for the premium, it shall be considered a cash payment, provided it is paid when due, but if not paid when due, the policy shall then be void. The appellee objected to this proof as in itself incomplete, and also on the ground that the company had waived whatever right it might have had to declare the policy void. The court rejected or disregarded the evidence offered, and gave judgment against the company.

The only point made by the appellant's counsel, in their printed brief. relates to this ruling of the court. They insist that the recital, in a deed, of the payment of the consideration is only *prima facie* evidence of such payment, and may be contradicted or explained, and cite *Ayers* v. *McConnell*, 15 Ill., 230, and *Kimball.* v. *Walker*, 30 Ill., 482. All that the court held in these cases was, that parol evidence might be received for the purpose of contradicting the acknowledgment, in a deed, of payment of the consideration, where the object and effect of such evidence were not to vary the legal import of the deed. For example, in a deed for the conveyance of lands, the recital of payment of the consideration may be contradicted, provided it is not sought by such evidence to impair the effect of the deed as a conveyance. But we know of no case, nor do we think any can be found, in which it has been held that the acknowledgment of payment may be contradicted by parol, for the purpose of making the

deed null.  This very distinction is taken in the case in 30th Ills., above cited.  Now, in the case at bar, if the evidence offered by the company were admitted, the effect would be to change an absolute policy of insurance, running for five years, and good upon its face, into one expiring in sixty days from its date.  The policy admits expressly the payment of the premium, which, together with a certain deposit note for a larger amount, according to the usual mode of mutual companies, made the insurance good for five years.  This is simply destroying the legal purport of a deed by parol proof, and would be in violation of the radical principles of evidence.

In addition, it may be said, that public policy forbids that policies of insurance should be destroyed in this way.  When the insured property is afterwards encumbered, it is common to assign the policy to the encumbrancer.  In the event of a loss, however, as the policy is not a negotiable instrument at law, the encumbrancer must sue in the name of the assured, which would let in all defences that could be made if the policy had never been assigned.  The consequence then would be, if the rule contended for by the appellant were to obtain, that instruments good upon their face, and upon the faith of which money is often loaned, would be suddenly found, when brought into use, to be tainted with a secret defect that would make them nullities, although in the hands of an equitable assignee.  This should not be permitted.

It has been held in other States that insurance companies can not contradict the receipt of the premium contained in the policy for the purpose of avoiding it.  *Grit* v. *National Insurance Co.*, 25 Barb., 189 ; *New York Central Insurance Co.* v. *National Insurance Co.*, 20 Barb., 486 ; 3 Kent's Com., 260.

*Judgment affirmed.*