## THE TEUTONIA LIFE INSURANCE COMPANY

*v.*

## JOHN F. ANDERSON.

1. INSURANCE—*recital of payment in policy estops the company from denying the fact.* An insurance company, on grounds of public policy, will be estopped to prove, in avoidance of their contract of insurance, that the premium acknowledged in the policy to have been paid, was not, in fact, paid.

2. SAME—*waiver to right to declare a forfeiture.* Where an association insured the life of one of its members under an agreement with an insurance company that the association would be responsible for the payment of the premiums quarterly on all policies, the same to be paid out of weekly dues from its members, it was *held,* that a failure on the part of the assured to pay his weekly dues would authorize the association, at the end of a quarter, to have the policy cancelled, and that the company, on the non-payment of any quarterly premium, had the right to declare a forfeiture under the contract, but if it failed to do so, it would be presumed that it chose to carry the risk on the responsibility of the association to pay, and that upon the death of the assured, the liability of the insurance company became fixed, and it could, by no subsequent act, avoid the policy.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

This was an action of assumpsit, by John F. Anderson against the Teutonia Life Insurance Company, upon a policy of insurance. The material facts of the case are stated in the opinion of the court.

Messrs. HAY & KNISPEL, for the appellant.

Messrs. C. W. & E. L. THOMAS, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The policy of insurance declared on was procured by the "Bismark Bund," on the life of Franklin Anderson, and was payable, on the death of the assured, to appellee. One object of the association called the "Bismark Bund" seems to

be, to procure for its members, in consideration of the payment of weekly dues, assurance of support in sickness, and also life insurance.

Appellant agreed to furnish members of the bund life insurance at its regular rates, and, by the written contract in evidence, the bund was to be primarily liable to the insurance company for premiums on all policies issued under the contract to its members, which were to be repaid to the bund in weekly installments or dues.

The application for insurance was made on the 9th day of July, 1872, and the policy was issued shortly thereafter. The premiums were to be paid quarterly, viz: on the 9th days of October, January, April and July in each year.

It is recited in the policy the premium for the first quarter was paid. By the terms of the contract between the bund and the insurance company, the premiums were not to be paid until the expiration of the quarter. This was probably to enable the bund to collect the amount from the assured in weekly dues.

On the 9th day of October, 1872, after the policy had been issued, the bund paid the insurance company the premium for one quarter, being the first premium due under the contract. The premium for the next quarter, maturing on the 9th day of January, 1873, was not paid, for the reason the assured had ceased to pay his weekly dues to the bund on the 1st day of January, 1873.

The assured died on the 26th day of February, 1873. Proof was made of his death, and notice given to the company. Appellant declined to pay the policy, because the assured had ceased to pay his weekly dues to the bund on the 1st day of January, 1873, and, under the by-laws and usages of the association, the assured forfeited his interest in the policy.

There is no pretense the quarterly premium due on the 9th day of January was ever, in fact, paid to the insurance company. Appellee insists the bund was the agent of the company, to collect the installments of premiums as they became

25—77TH ILL.

due, and that there were funds in the possession of the bund, arising from the payment of weekly dues, more than sufficient to pay the premium due on the 9th day of January.

On the trial, appellant offered to prove, in rebuttal, that the first quarter's premium was not, in fact, paid, although acknowledged in the policy—not for the purpose of defeating the policy, but to show that the funds arising from the payment of weekly dues were, in fact, appropriated to the payment of the first premium. An objection taken to the evidence offered was sustained by the court.

This court has twice decided that insurance companies, on the ground of public policy, will be estopped to prove, for the purpose of avoiding the contract of insurance, that the premium acknowledged in the policy to have been paid, was not, in fact, paid. *Ill. Cen. Ins. Co.* v. *Wolf*, 37 Ill. 354; *Prov. Life Ins. Co.* v. *Fennell*, 49 Ill. 180.

But that is not the question presented by this record. Here, the company simply offered to prove what disposition had been made of weekly dues previously paid to the bund, for the purpose of showing that the association had no funds equitably belonging to the assured, with which to pay the quarterly premium due on the 9th day of January. One way of proving that fact was, by showing that the weekly dues had been exhausted in paying the premium for the first quarter, and although payment was acknowledged in the policy of the date of July 9, 1872, it had not been paid at that date.

Under the by-laws of the bund, a failure on the part of the assured to make his weekly payment of dues would, no doubt, work a forfeiture of his right to compensation in case of sickness, and would authorize the association, at the end of any quarter, to have the policy cancelled. Such was the contract between the parties. Had the company, in connection with the other evidence tendered, offered to prove that the bund had procured the insurance contract to be cancelled on account of the default of the assured in the payment of his weekly dues, we are of opinion the evidence would have been admis-

sible—not to contradict the recitals of the policy, that the premium for the first quarter had been paid, but to show the association had no funds belonging to the assured with which to make payment of future installments of premium.   This was not done, and although the assured was in arrears with his weekly dues, the bund had not, for that reason, seen fit to have his policy cancelled; neither had the company declared the policy forfeited for the non-payment of the premium due on the 9th day of January.   The bund, under the contract with the insurance company, was liable for its ultimate payment, and the company could rely upon its responsibility if it chose to do so, and carry the risk.   The company made no declaration of forfeiture in the lifetime of the assured, and at his death its liability became absolute.

On the failure to pay the premium due 9th day of January, it was the privilege of the company to declare the contract of insurance forfeited, but this it did not do.   We may presume it chose to carry the risk on the responsibility of the bund under its contract.   It could do so if it chose, and having adopted this course, after the death of the assured it was not in the power of the company to avoid its liability.

We think the case is clearly within the spirit of the decision in the *Ill. Cen. Ins. Co.* v. *Wolf, supra,* and must be controlled by it.

No error appearing in the record that could prejudice the rights of appellant, the judgment must be affirmed.

*Judgment affirmed.*