## Union Life Insurance Co. v. Hannah M. Winn.

1. INSURANCE—*What Makes a Prima Facie Case for the Plaintiff on a Policy.*—In an action on a policy of life insurance, proof of the execution and delivery of the policy, death of the insured, and the payment of the premiums, make a *prima facie* case for the plaintiff.

2. ESTOPPEL—*By Recitals in Policy of Insurance.*—On grounds of public policy insurance companies are estopped to prove, for the purpose of avoiding the contract of insurance, that the premium, which the policy acknowledges is paid, has not in fact been paid.

Assumpsit, on a policy of insurance. Appeal from the Circuit Court of Rock Island County; the Hon. WILLIAM H. GEST, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed February 1, 1900.

ADAIR PLEASANTS, attorney for appellant; HENRY CURTIS, of counsel.

WILLIAM McENIRY, attorney for appellee; SWEENEY & WALKER, of counsel.

MR. JUSTICE DIBELL delivered the opinion of the court.

This was an action brought by Hannah M. Winn upon a policy of insurance for her benefit upon the life of her husband, William M. Winn, issued by the Union Life Insurance Company, November 28, 1894. Winn died May 3, 1896, from injuries received in a fire in his store. To the declaration upon the policy defendant filed five pleas—the first

the general issue, and the others special pleas. The special pleas went out of the case upon demurrers to replications carried back to said pleas. Another special plea was filed and stricken from the files. These rulings are not questioned by the assignments of error nor discussed by counsel for appellant. The case was tried upon the general issue. Plaintiff obtained a verdict and a judgment thereon for $2,236.90, and defendant appeals.

The policy insured the life of Winn for six months, with a provision agreeing to renew and extend the insurance for each successive six months during his life upon payment by him, on or before May 28th and November 28th in each year, of a semi-annual premium. less dividends. Plaintiff introduced the policy, proved the death, and introduced receipts from the company for each semi-annual premium from the date of the policy to and covering the date of Winn's death. The body of the last receipt, dated November 28, 1895, signed by the secretary of the company, was as follows:

"Received from Wm. M. Winn seventeen and 30-100 dollars, being the semi-annual premium on policy 5047, due November 28, 1895, insuring two thousand dollars on the life of Wm. M. Winn to May 28, 1896."

This proof made a *prima facie* case for plaintiff.

Defendant introduced proof by depositions tending to show said last premium was paid by a note for $16.96, signed by deceased, dated November 28, 1895, payable April 1, 1895 (which the agent who drew it intended should be April 1, 1896), and put the note in evidence, and proved it was unpaid. The note recited it was given for said semi-annual premium due November 28, 1895, and that it was not given or received as payment of said premium, but as an extension of time for the payment of the premium; that time of payment was of the essence of the contract; that if the note was not paid when due the policy should become suspended during default in such payment, and the principal and interest of the note should be deemed fully earned premium and collectible at once, notwithstanding such suspension, and that no suit to collect the note should avoid the

suspension before actual payment of the whole sum due thereon.

Plaintiff then proved by the depositions of a number of witnesses that they were familiar with the handwriting and signature of Wm. M. Winn, and that the signature to the note was not that of Wm. M. Winn.   These depositions were taken long before the trial, and defendant did not seek to prove at the trial that the signature was that of Winn, but relied upon further depositions to the effect that the officers of the company received a letter purporting to be from Winn saying he was unable to pay the premium and asking for an extension to April 1st; that in response this note was prepared and sent by mail to his address, and received back, bearing what purported to be his signature; and the receipt for said last premium was then mailed to him.

Defendant therefore did not deny that it had issued and delivered to Winn a receipt continuing his policy in force beyond the date of his death, but it claimed that the consideration for said receipt continuing the policy in force was another contract made with it by Winn; and that by the provisions of that later contract the policy became suspended on April 1, 1896, before his death, by reason of his failure to pay the sum specified in said contract, and remained suspended till his death.   When it was met by proof that Winn never executed that contract it then sought to show the receipt was issued and the policy thereby continued in force upon the belief of its officers that he had executed the contract, and therefore was issued by mistake.

The policy made no provision for its suspension during any six months after it had issued a receipt continuing it in force, no matter whether such receipt was issued for cash or for a promissory note.   By the policy, which is to be construed most strongly against the company, it agreed to pay upon Winn's death $2,000, " after deducting therefrom the balance of the year's premium, if any, and all other indebtedness to the company."   It does not appear there could have been any indebtedness to the company except past-due premium, after renewal receipts issued upon a promise to pay it later.   Appellant says in his brief :

"This note and contract, being a printed form, shows that the extension of time granted to Winn was not an unusual act, an isolated case, contrary to the usage of the company, but a common transaction between the company and its members."

We accept this statement by appellant as correct, and are justified in concluding that the provision we have quoted from the policy was meant to apply to such a case. Defendant and Winn had therefore contracted in the policy that this indebtedness for premium should be deducted from the sum insured, where the policy had been extended without actual payment in cash. The parties had in the original contract provided for this contingency. If Winn had made a later contract with the company, that non-payment should suspend the policy after the company had, in writing, continued it in force for six months, we are of opinion it could not avail itself of the later contract as a defense under the general issue, but should have interposed that defense by some special plea, not subject to demurrer, and this it did not do. It had no pleading which would admit that defense.

But it is said the company ought not to be bound by the receipt, because it was issued upon the mistaken belief that the signature to the note was genuine. This position assumes the jury were bound to believe the receipt was issued as claimed by the company's agents and officers. But there were reasons why the jury might have concluded that the correct explanation of the receipt had not been given. The officer of the company claimed to have had correspondence with Winn about this receipt less than six months before his death. It could not produce any such correspondence. It may well be supposed that the fire which destroyed Winn's store and cost him his life may have destroyed whatever proof he had as to the manner in which he obtained the receipt; but no good reason appears why the company should not have kept and been able to produce the correspondence upon which it relies. The fact that this officer reasoned that he must have destroyed this correspondence, though he did not claim to remember hav-

ing done so, did not make it the conclusive duty of the jury to believe him.  Again, the jury were not only warranted, but were, in fact, required by the evidence, to find that the signature to the note was not that of Winn.  No reason appears why any of his friends should have forged his name to this small note and forwarded it, nor why Winn should have sent the company a forged note.  The jury may have concluded that this story was unreasonable, and that the true consideration for which the receipt was issued had not been shown.  We are of opinion that the defense of the company necessarily failed when it appeared Winn did not sign the note.  The company had in writing continued the policy in force.  The supposed contract for a suspension of the insurance turned out not to have been executed by deceased.  If the last premium had not, in fact, been paid, the policy afforded the company full protection by providing for the deduction of unpaid premium from the face of the policy.

But further, the jury seem to have allowed the premium to the company, as the policy provided.  The note was dated November 28, 1895, was for $16.96, and bore interest at eight per cent.  There was due thereon at the date of Winn's death, May 3, 1896, $17.54.  Deducting that from the face of the policy ($2,000) leaves $1,982.46.  That sum, at five per cent·interest, from that date to the day of the verdict, amounted to $2,280.10.  The verdict was only for $2,236.90, being less than was due after deducting the unpaid premium.  Substantial justice has therefore been done defendant.

There is another principle upon which we think this defense ought to fail.  The policy, as already indicated on its face, only insured the beneficiary from its date, November 28, 1894, to noon of May 28, 1895, that is, for a period of six months, and then agreed to extend and renew the insurance each successive six months of Winn's life upon the payment of a semi-annual premium.  The last·receipt above set out not only acknowledged the receipt of the last semi-annual premium, but it also stated that the effect of

that payment was to insure $2,000 on the life of Wm. M. Winn to May 28, 1896. It thus operated as a contract extending the insurance, and ought to be subject to the rules governing policies. On grounds of public policy insurance companies are estopped to prove, for the purpose of avoiding the contract of insurance, that the premium, which the policy acknowledges is paid, has not, in fact, been paid. (Teutonia Life Insurance Company v. Anderson, 77 Ill. 384.) We think that, under the peculiar language of the policy and of the receipt, defendant should be estopped to prove, for the purpose of defeating the extension recited in the receipt, that the payment therein acknowledged was not, in fact, made.

Appellant's brief states that the court erred in refusing certain instructions offered by defendant, and does not discuss the supposed error. We find the substance of said refused instructions contained in other instructions given at the request of defendant. The judgment is affirmed.