ELIZABETH GRUEN, Appellant, v. STANDARD LIFE AND ACCIDENT INSURANCE COMPANY, Respondent.

**St. Louis Court of Appeals, December 14, 1912.**

1. **EVIDENCE: Presumptions: Receipt of Mail Matter by Addressee.** A notice of the cancellation of an accident insurance policy, which was enclosed in an envelope addressed to the address of insured, as given in the policy, postage prepaid, and deposited in a United States mail box, was presumably received by insured in due course of mail.

2. **APPELLATE PRACTICE: Review: Findings of Fact: Necessity of Exceptions.** Findings of fact by the trial court are binding on the appellate court, unless the party assailing them saved an exception to them in the trial court.

3. **INSURANCE: Right to Cancel Policy for Non-payment of Premium: Contradicting Receipt: Parol Evidence.** Under a provision in an accident insurance policy, that it could be cancelled at any time and for any cause, by insurer giving insured

169 Mo. App.—11

written notice thereof and returning to him the unearned portion of the premium, insurer had a right to cancel the policy for non-payment of a renewal premium, notwithstanding the renewal receipt recited that insured had paid that premium—the receipt being subject to contradiction by parol evidence; and it was not a condition precedent to such cancellation that insurer return the unearned portion of the premium to insured, inasmuch as the premium had never been paid by insured.

4. EVIDENCE: Parol Evidence: Contradicting Receipt. The general rule is, that a receipt may be contradicted by parol evidence.

5. INSURANCE: Right to Cancel Policy for Non-payment of Premium: Contradicting Receipt: Parol Evidence. While a receipt acknowledging payment of the premium on an insurance policy is conclusive, so far as showing the passing of a consideration is concerned, and cannot be denied so as to destroy the original validity of the policy, it may be contradicted by parol evidence for the purpose of showing the validity of a cancellation of the policy for non-payment of such premium.

6. ————: Action on Policy: Defenses: Cancellation of Policy for Non-payment of Premium. A defense, in an action on an accident insurance policy, that the policy had been cancelled prior to the accident, for non-payment of a renewal premium, is entirely consistent with the original validity of the policy and in fact necessarily recognizes such original validity.

Appeal from St. Louis County Circuit Court.—*Hon. Gustavus A. Wurdeman*, Judge.

AFFIRMED.

*H. A. Yonge* and *John W. Benstein* for appellant.

(1) Proof of the death of the insured within the time required by the provisions of the insurance policy was waived by defendant's failure to furnish the same upon notice of his death by the attorney of the beneficiary in the policy and by the denial of any liability thereon by the adjuster and attorney for the company. Cullen v. Insurance Co., 29 Mo. App. 412; Burridge v. Insurance Co., 211 Mo. 158; Winter v. Knights of Pythias, 96 Mo. App. 1. (2) There is no evidence showing that notice of the cancellation of the

policy was duly mailed to or served upon the insured during his lifetime. (3) The renewal receipt renewing the policy was unconditionally issued and delivered to the insured and acknowledges on its face the full payment of the premium for the renewal of said policy, and defendant is estopped thereby from denying that the premium was not actually paid. Dobbins v. Benefit Assn., 144 Mo. 45; Mooney v. Insurance Co., 72 Mo. App. 92; Moony v. Insurance Co., 80 Mo. App. 192; Insurance Co. v. Winn, 80 Ill. App. 257.

*Merritt U. Hayden* for respondent.

(1) Provisions in a policy of insurance by which the right to cancel the policy is reserved to the insurer, are valid and lawful provisions, and if they designate the method to be pursued in order to effect a cancellation of the policy, and if the insurer follows such method in strict accordance with its terms, and before any loss is sustained by the insured under the policy, the liability of the insurer is thereby terminated. 1 May on Insurance (4 Ed.), sec. 67, pp. 117-119; Kerr on Insurance, sec. 100, p. 231; 3 Cooley's Briefs on Insurance, pp. 2789, 2790, 2791, 2808; Insurance Co. v. Insurance Co., 66 N. Y. 119; Little v. Insurance Co., 38 Ohio St. 110; Insurance Co. v. Brecherson, 50 Ohio St. 542; Insurance Co. v. Crane, 73 Pac. 875; Stone v. Insurance Co., 105 N. Y. 543; O'Connell v. Fidelity & Casualty Co., 87 N. Y. App. Div. 306; Insurance Co. v. Bermond, 45 Ill. App. 22; Glove Co. v. Insurance Co., 113 Pac. 688; Milling Co. v. Insurance Co., 105 Mo. App. 146; Ritchey v. Insurance Co., 104 Mo. App. 146; Banking Co. v. Insurance Co., 75 Mo. App. 310. (2) Prior to the death of the insured, in a policy of accident insurance, the insurer may cancel the policy for nonpayment of the premium, provided the right of cancellation is reserved to the insurer by any provision of the policy. For the purpose of justi-

fying a cancellation of the policy, under such circumstances, the recital in the policy of the receipt of the premium is not conclusive evidence of its actual payment and the insurer is not estopped to deny the actual receipt of the premium. If the premium has not in fact been paid the insurer may show that fact by proper evidence, for then there is no unearned premium to be returned to the insured in order to effect the cancellation of the policy and the termination of liability thereunder. 1 May on Insurance (4 Ed.), sec. 67k, pp. 124-5; 3 Cooley's Briefs on Insurance, pp. 2803, 2808; O'Connell v. Fidelity & Casualty Co., 87 N. Y. App. Div. 306; Stone v. Insurance Co., 105 N. Y. 543; Bergson v. Insurance Co., 38 Cal. 541; Insurance Co. v. Bermond, 45 Ill. App. 22; Insurance Co. v. Cameron, 18 Tex. Civ. App. 237; Insurance Co. v. Mueller, 87 Pa. St. 399; Farnum v. Insurance Co., 83 Cal. 246; Leeper v. Insurance Co., 93 Mo. App. 602; Banking Co. v. Insurance Co., 75 Mo. App. 310; Ritchey v. Insurance Co., 104 Mo. App. 146; Brown v. Insurance Co., 109 Mo. App. 137; Marshall v. Insurance Co., 148 Mo. App. 678; Dobyns v. Insurance Co., 144 Mo. 95; Wishart v. Gerhart, 105 Mo. App. 112. (3) Where a notice is addressed to a person at his proper address and mailed to him by depositing same either in the postoffice or in a letter box or in a United States mail chute, postage prepaid, the presumption, in the absence of evidence to the contrary, is that he received it. Watson v. Richardson, 110 Iowa, 673; Iron Works v. Breneman, 185 Fed. 183; Engine & Boiler Works v. Vaughn, 135 S. W. 913; Goodman v. Saperstein, 81 Atl. 695; Bank v. Latimer, 64 Mo. App. 321; Welsh v. Life Soc., 81 Mo. App. 30; Ward v. Storage Co., 119 Mo. App. 83.

STATEMENT.—Suit by the beneficiary to recover $2000 upon an accident insurance policy, the insured having died by accident within the meaning of the

policy. One of the defenses pleaded was that the policy was cancelled in accordance with its terms, before the accident. The finding and judgment was for the defendant, and the plaintiff has appealed.

The case was tried to the court, a jury being waived. At the request of the defendant the court stated the facts found by it separately, as required by law. So far as we deem them pertinent to the questions necessary to be decided on this appeal, the facts, so stated, are in substance as follows:

The policy in suit was issued December 29, 1907, to be in force for one year; premium ten dollars. It provided that, "Written notice, cancelling this policy, may be mailed to the address given in the warranties at any time, and for any cause, and the company's check for the unearned portion of the premium shall be mailed with said notice and shall be sufficient tender of said refund." On December 29, 1908, the defendant issued a renewal receipt stating that it had received ten dollars from the insured continuing the policy in force for another year, "subject to all of the agreements, conditions and provisions of the said policy." The premium for said renewal was never in fact paid. On March 8, 1909, prior to the death of the insured, the defendant caused to be mailed to him notice that the policy was void by reason of nonpayment of premium and had been cancelled on the books of the company from March 8, 1909. The notice was enclosed in an envelope, addressed to the address of the insured as given in the policy, postage prepaid, and deposited in a United States mail chute and box in the city of St. Louis, State of Missouri, on said 8th day of March, 1909. Said notice was presumably received by the insured in due course of mail, and there is no evidence tending to show that he did not in fact receive it. The insured was a solicitor of accident insurance applications for policies similar to the one in suit and had a business connection with the office

of the general agents of defendant in St. Louis and was familiar with the business of accident insurance and with the terms of the policy in suit and all of the provisions and conditions thereof. He died by accident on July 5, 1909, nearly four months after the policy had been cancelled.

The court concluded as matter of law that the defendant had the right to cancel the policy and the renewal of same at any time and for any cause by written notice mailed to the insured advising him of the cancellation, and that the premium for the renewal not having been paid, the defendant was not obliged to accompany the notice with a return of "unearned premium" because in such case there would not be any unearned premium. It further concluded that the defendant was not estopped from showing that the premium for the renewal was not paid and that evidence of such nonpayment was admissible for the double purpose of showing a sufficient cause for the cancellation of the renewal and that there was no unearned premium to be returned to the insured.

CAULFIELD, J. (after stating the facts).—So far as the trial court's findings of fact are concerned, they are binding on us, plaintiff not having saved any exceptions to them. [Snuffer v. Karr, 197 Mo. 182, l. c. 188, 94 S. W. 983; Loewen v. Forsee, 137 Mo. l. c. 38, 38 S. W. 712; Freeman v. Hemenway, 75 Mo. App. l. c. 621.] We concur in the trial court's conclusions of law upon the facts found by it. Undoubtedly the defendant had the right to cancel the policy and the renewal of same, on notice, as provided in the policy, and that, too, without returning the premium for the renewal, none having been paid. [3 Cooley's Briefs on Insurance, pp. 2789, 2803; 1 May on Insurance (4 Ed.), sec. 67K; Little v. Insurance Co., 38 Ohio St. 110; Stone v. Franklin Ins. Co., 105 N. Y. 543; Insurance Company v. Brecheisen, 50 Ohio St. 542.] The

fact that the receipt of the premium was acknowledged in the renewal receipt does not change the rule. [3 Cooley's Briefs on Insurance, p. 2803; Mississippi Valley, etc., Ins. Co. v. Bermond, 45 Ill. App. 22.] Neither would that fact prevent the defendant from cancelling the policy under the power reserved in the policy, such power being broad enough to permit cancellation for nonpayment of premium. The general rule is, that a receipt may be contradicted by parol evidence, and we see no reason for not applying the rule here, there being no attempt to assail the original validity of the policy or to assert that there was no consideration therefor. The defense that the policy was cancelled under the power reserved therein is entirely consistent with the original validity of the policy and in fact necessarily recognizes such original validity. The case of Dobyns v. Bay State Ben. Assn., 144 Mo. 95, 45 S. W. 1107, which plaintiff relies on, is no authority against the judgment here. As we understand the opinion in that case it holds that the receipt is simply conclusive as to a consideration and cannot be denied so as to destroy the original validity of the policy; that the payment is conclusively admitted to the extent only that it is necessary to give vitality to the contract. It recognizes that the receipt is not conclusive of payment for all purposes, being, for instance, not a bar to an action for the premium. It also recognizes, we believe, that the policy may subsequently be avoided for nonpayment of the premium, where, as here, such subsequent avoidance is authorized by the terms of the policy. [See Mooney v. Home Ins. Co., 80 Mo. App. 192, and Leeper v. Franklin Life Ins. Co., 93 Mo. App. 602, 67 S. W. 941.]

The judgment is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.