**Ralph R. Lord and Roy A. Wentz, Partners, trading as Lord & Wentz, Appellees, v. Lincoln Mutual Casualty Company, Appellant.**

### Gen. No. 7,598.

1. INSURANCE—*when breach of mortgage clause in automobile theft policy not shown.* Recovery by mortgagees on a policy against theft of an automobile is not defeated by alleged breach of the mortgage clause requiring them to notify the insurer of any increase of hazard by use of the car for other than pleasure purposes, failing to store it in a garage or any change of ownership, where, although there is evidence of conversations from which it might be inferred that the car had been used for demonstration purposes, and it appears that the car was left outside the garage the night it was stolen, there is undisputed positive evidence that the car was never used for demonstration purposes and that plaintiffs had no knowledge of any but pleasure use or that the car was left outside on the night in question, and no evidence of change of ownership.

2. EVIDENCE—*rejection of opinion evidence proper where witness not qualified as expert.* In an action on a policy of insurance against theft of an automobile, it was not error to refuse to permit a witness, who had not qualified as an expert, to answer a question whether or not the use of an automobile for demonstration purposes is more hazardous or detrimental to its value than using it for pleasure purposes, especially where that is one of the ultimate facts in issue.

3. INSURANCE—*evidence in mitigation of loss as matter of defense.* In an action on an insurance policy against theft of an automobile, prima facie proof of the value of the stolen car, according to the terms of the policy for determination of the value, is sufficient as against a claim that the actual cash value was not established, since it was for defendant to show that the car was actually less valuable than the amount arrived at under the provision of the policy.

4. INSURANCE—*when nonpayment of premium not defense to action on policy.* In an action by mortgagees under a policy of insurance against theft of an automobile, which policy carried a provision making the insurance payable to the mortgagees as their interest should appear, the defense that the insured had not paid all the premium which was due on the policy is not available to the insurer.

Appeal by defendant from the Circuit Court of Sangamon county; the Hon. ELBERT S. SMITH, Judge, presiding. Heard in this court at the April term, 1923. Affirmed. Opinion filed July 10, 1923. *Certiorari* denied by Supreme Court (making opinion final).

ALONZO HOFF, for appellant.

PATTON & PATTON, for appellees; WILLIAM L. PATTON and HENRY L. PATTON, of counsel.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This suit in assumpsit was brought in the circuit court of Sangamon county by the appellees, Ralph R. Lord and Roy A. Wentz, partners, as Lord & Wentz, against the appellant, Lincoln Mutual Casualty Company. The suit is based on the mortgage clause attached to a policy of insurance, under which the insured, David Robinson, the owner of a Stevens auto-

mobile, was insured against loss of his automobile by theft for the year commencing with the date of the policy, namely, February 21, 1921. The mortgage clause referred to is as follows:

"Loss or damage, if any, under this policy shall be payable to Lord & Wentz, as mortgagee, as interest may appear and this insurance, as to the interest of the mortgage only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any foreclosure or other proceedings or ownership of the property.

"Provided, that the mortgagee shall notify this Company of any change in the title or ownership of the property, or occupant or increase of hazard, which shall come to the knowledge of said mortgagee and unless permitted by this policy, it shall be noted thereon and the mortgagee shall, on demand, pay the premium for such increased hazard for the term of the use thereof, otherwise this policy shall be null and void.

"It is further provided that none of the terms, conditions or limitations of the within policy shall be modified in any particular other than as are heretofore set forth in this attached mortgage clause.

"Attached to and forming part of Policy No. 30404, The Lincoln Mutual Casualty Company of Springfield, Ill.

W. A. Orr, Secretary.

February 21, 1921."

The declaration filed consisted of the common counts and an additional special count setting up the insurance policy and the mortgage clause, to which the appellant filed the general issue and seven special pleas. The court sustained a demurrer to the second, third, fourth and fifth special pleas, and issue was joined on the matters set up in the sixth, seventh and eighth pleas. It is alleged, as a matter of defense in the sixth plea, that the appellees had knowledge that the insured used the automobile in question as a demonstra-

412    APPELLATE COURTS OF ILLINOIS.

Lord et al. v. Lincoln Mutual Casualty Co., 231 Ill. App. 409.

tor car instead of a pleasure car, and that such use increased the hazard of the insurance, and that the appellees failed to notify appellant of such increased hazard. The seventh plea alleges that the automobile in question had not been kept in a garage as required by the terms of the policy, and that the appellees knew this and that the failure to keep it in a garage increased the hazard of the insurance, and that appellees failed to notify the appellant of the increased hazard; and in the eighth plea it is alleged that after the issuance of the policy there was a change of the ownership of the automobile in question, which was known to the appellees, and that they failed to notify appellant of the change. The matters set up in the sixth, seventh and eighth plea embody all of the defenses which were urged on the trial to a recovery, except the point made in the second plea, to which demurrer was sustained, that the insured did not pay all of the premium due on the issuance of the policy.

There was a trial by jury on the issues in the case and a verdict and finding by the jury in favor of the appellees, fixing the amount of their damages at $1,415. Thereafter there was a motion for a new trial by the appellant, which was denied, and a judgment was entered in favor of the appellees and against the appellant for $1,415 on the verdict. An appeal is prosecuted from the judgment.

The proofs in the case show that David Robinson purchased the Stevens automobile in question from the appellees in the fall of 1920, to be delivered in the following spring; that the list price of the automobile was $2,550 f. o. b. Springfield; that at about the date of the policy of insurance, namely, February 21, 1921, the automobile was delivered to him; that he turned in on the purchase price a Velie car at $775 and paid $100 in cash; that for the balance of the purchase price remaining due, namely, $1,600, he gave the appellee a note and chattel mortgage. Thereafter $185 was paid by Robinson and a renewal note for the balance due of

$1,415 was taken on August 30, 1921, which forms the basis of appellees' claim in this case. The owner of the insured car testified, concerning the theft of the car, that it was stolen in September, 1921, while he was absent from home, but that on the day of the night that the car was stolen it had been in charge of his brother, who, after driving it on that day, had left it on the lawn opposite the house that evening instead of putting it into the garage. He also testified that the car had not been used as a demonstrator car. The appellee, Ralph R. Lord, testified that the car in question had never been used as a demonstrator car to his knowledge, and that the car had never been used by Robinson for the appellees at any time. There was some evidence of conversations with Robinson and with Lord, from which the inference might be drawn that the car may have been used for the appellees, or used for other purposes than a pleasure car, but there was no evidence directly contradicting the facts testified to by the witnesses mentioned, and the witnesses mentioned denied having had the conversations. The jury were fully warranted in reaching the conclusion from the evidence that the car had not been used as a demonstrator car, and that the appellees had no knowledge that it had been used in that way; and there is no evidence that the appellees had any knowledge, that the car had been left out on the lawn at the time it was stolen, nor at any other time. Error is assigned because the court sustained an objection to a question asked E. L. Conway, a witness for the defendant, who had been at one time in the employ of the appellees. The question was as follows: "I will ask you whether or not using a car for demonstrating purpose is more hazardous or detrimental to its value than using it for pleasure purposes?" The objection was properly sustained to this question. It does not appear that the witness possessed the necessary qualifications as an expert witness to answer the question, and the question itself involved a conclusion of the witness as to

an ultimate fact, which was for the jury, and not the witness, to determine. Appellant complains that no evidence was introduced to show the cash value of the car; that under the provisions of the policy the appellant company was not liable beyond the actual cash value of the automobile at the time it was stolen. It is sufficient to say, concerning this contention, that the policy which was introduced in evidence contains the following clause:

"It is agreed and understood by and between the Company and the assured (and this policy is delivered and accepted, subject to such agreement) that the automobile and equipment, which is insured under this policy, shall be valued and insured during each month for the period covered by this policy, at an amount not to exceed a diminishment of 25 per cent per year, or at this rate for any fractional part of the year during the life of this policy, commencing the same day of the month at noon, Central Standard Time, on the day on which the car was delivered to the assured as a new and unused car.

"The value to be determined from the list price at date of purchase of the car as a new car."

Under this clause the evidence shows that a prima facie case had been made out on the question of the value of the car. If there was any evidence that the actual cash value of the car stolen was less than the amount arrived at under the clause referred to, and less than the amount of appellees' claim, the introduction of such evidence was a matter of defense, and the presumption would be that there was no such evidence, otherwise the appellant would have availed itself of its right to introduce it.

Error is also assigned on the sustaining of the demurrer to the second plea, in which it is alleged that the insured had not paid all the premium which was due on the policy in question. With reference to this matter, it is sufficient to say that the defense set up in the plea was not available to the appellant in this case. *Illinois Cent. Ins. Co. v. Wolf*, 37 Ill. 354; *Teu-*

*tonia Life Ins. Co. v. Anderson,* 77 Ill. 384; *Helbig v. Citizens Ins. Co.,* 120 Ill. App. 61; 31 Cyc., p. 217.

The record does not disclose any reversible error and judgment is therefore affirmed.

*Judgment affirmed.*