STATE OF MISSOURI at the relation of ROBERT W. WINN, State Treasurer, Appellant, v. JOHN W. BANKS, an individual doing business under the style and firm name of BANKS & SONS OIL COMPANY.— 145 S. W. (2d) 362.

Division One, December 11, 1940.

*Roy McKitttrick,* Attorney General, *Lawrence L. Bradley,* Assistant Attorney General, and *Richard H. Musser* for appellant.

*Russell Garnett* for respondent.

HYDE, C.—This is an action brought by the Attorney General for the State Treasurer to collect gasoline taxes. The trial court's judgment was for defendant, and plaintiff has appealed.

Suit was brought in two counts: for taxes and penalties for gasoline sold during the months of December, 1936, and January, 1937. The case was submitted upon the following agreed statement of facts:

"It is hereby stipulated and agreed between the plaintiff and defendant and their counsel that during the month of December, 1936, the defendant, a licensed distributor under the Laws of the State of Missouri purchased 4229 gallons of motor vehicle fuel from the Pittman Petroleum Company of Holmes Park, Missouri, a licensed distributor under the Laws of the State of Missouri, and paid the tax on the said gasoline to the Pittman Petroleum Company in the sum of $84.58; that the Pittman Petroleum Company did not pay over this tax to the State of Missouri.

"That during the month of January, 1937, the defendant, a licensed distributor purchased from the Pittman Petroleum Company of Holmes Park, Missouri, a licensed distributor 2155 gallons of motor vehicle fuel and paid the tax to the Pittman Petroleum Company in the sum of $43.10; that the Pittman Petroleum Company did not pay over this tax to the State of Missouri.

"That the defendant sold this gasoline in the State of Missouri.

"That the defendant had no notice and did not know at the times he purchased such gasoline that said Pittman Petroleum Company was not paying over or had not paid over said tax to the State of Missouri until long after said purchases by him.

"That the State oil inspector endeavored to collect said taxes, without recourse to the Court, so paid by the defendant, from said Pittman Petroleum Company and thereafter revoked said Pittman Petroleum Company's license for failure to pay over to the State of Missouri said taxes it had so collected from defendant and others."

(There was also agreement about the assessment of penalties provided by statute, Sec. 7801, R. S. 1929, 7 Mo. Stat. Ann. 5249.)

The judgment of the trial court, in favor of defendants, contained a recital, as follows:

"The Court being fully advised in the premises, doth find the issues for the defendant and against the plaintiff, and doth find that the said facts stipulated to by the parties is not sufficient under the law to sustain the issues made by the pleadings on behalf of plaintiff; and doth further find that the plaintiff has failed to sustain the issues and allegations set out in its petition; that defendant was never indebted to plaintiff upon account of any taxes as pleaded in plaintiff's petition."

 Defendant contends that he discharged his tax obligation by paying the amount of the tax to his vendor, citing Section 7824, R. S. 1929 (7 Mo. Stat. Ann. 5261). Defendant's answer alleges that he "was operating a gasoline tank wagon as a *dealer*." However, the agreed statement says that he was "a *licensed distributor*." Therefore, defendant cannot rely on Section 7824, which applies only to a *dealer* "who shall only receive, handle or sell motor vehicle fuels on which the tax has been previously paid to the state treasurer *or on which the tax is paid by the dealer at* the time of the purchase of such fuels *to a licensed distributor* who is operating and conducting business under Section 7819." Defendant also says that "no exceptions were saved by appellant to the trial court's finding of facts, nor was any point raised in their motion for new trial respecting the same;" and that "in this condition of the record, the Supreme Court will not review the evidence to see whether or not those facts were sustained thereby." [Citing Gruen v. Standard Life & Accident Ins. Co., 169 Mo. App. 161, 152 S. W. 407; Snuffer v. Karr, 197 Mo. 182, l. c. 188, 94 S. W. 983.] Defendant further says that "plaintiff is bound by the trial court's finding of fact." However, in the cases cited, there were findings of fact from conflicting evidence. It is clear here both that the recital in the judgment is not a finding of facts, but only the court's conclusion as to the legal effect of the facts, in the agreed statement, which were the only facts in the record; and also that there was no occasion for the court to make a finding of facts, and no facts for it to find, because the facts were all agreed upon by the parties. [Rivard v. Mo. Pac. Ry. Co., 257 Mo. 135, 165 S. W. 763, and cases cited; see also Russell v. Ely & Walker Dry Goods Co., 332 Mo. 645, 60 S. W. (2d) 44; Sawtell v. Stern Bros. & Co., 226 Mo. App. 485, 44 S. W. (2d) 264.] The only question presented is whether or not the court's legal conclusions from the agreed facts are correct, and this is a question of law.

The Motor Vehicle fuel tax laws are contained in Article 2, of Chapter 41, R. S. 1929 (7 Mo. Stat. Ann. 5245). Section 7794, R. S. 1929 (7 Mo. Stat. Ann. 5246) provides for "a *license tax* equal to two

cents per gallon of motor fuel . . . used in motor vehicles on the public highways of the state.'' Section 7795, R. S. 1929 (7 Mo. Stat. Ann. 5246) provides that ''*every distributor* shall for . . . each year . . . when engaged in such business in this state, *pay to the state treasurer* an amount equal to two (2c) cents for each gallon of motor vehicle fuels refined, manufactured, produced or compounded by such distributor and sold by him in this state.'' (Likewise if ''shipped, transported or imported by such distributor into and distributed or sold by him within this state during such year.'') Section 7796 provides that ''*every dealer* shall for . . . each year . . . when engaged in such business in this state, pay to the state treasurer an amount equal to two (2c) cents for each gallon of motor vehicle fuels sold or distributed by such dealer in this state.'' It is, however, provided that, in determining the amount to be paid by a *dealer,* there shall not be included either fuels ''which were refined, manufactured, produced or compounded and sold by a distributor in this state'' or fuels ''which when purchased by him were contained in containers or packages, other than the original containers or packages in which the same was shipped, transported or imported into this state.'' Therefore, as otherwise stated in said Section 7796 (except as provided in Section 7814, R. S. 1929 (7 Mo. Stat. Ann. 5255) or in the elective alternative plan hereinafter referred to) the license tax of a *dealer* is computed on ''only such motor vehicle fuels as were shipped, transported or imported into this state and purchased by such dealer in the original packages in which they were so shipped into this state and then resold by such dealer after the breaking of the original package by him.'' The terms ''*distributor*'' and ''*dealer*'' are defined in Section 7793, R. S. 1929 (7 Mo. Stat. Ann. 5246).

Every distributor and dealer is required to register (Sec. 7797, R. S. 1929, 7 Mo. Stat. Ann. 5247); to keep prescribed records (Sec. 7798, R. S. 1929, 7 Mo. Stat. Ann. 5247); to make prescribed monthly statements (Sec. 7799, R. S. 1929, 7 Mo. Stat. Ann. 5248); and to pay the amount of the license tax, shown in each monthly statement, to the State Treasurer on or before the 25th day of the month in which the statement is made. [Section 7800, R. S. 1929, 7 Mo. Stat. Ann. 5249.] An alternative method of computing this license tax, of either distributor or dealer at his election, is provided by Section 7819, R. S. 1929. (7 Mo. Stat. Ann. 5257.) This is to pay ''*on the gross number of gallons of such fuels received* as shown by invoices thereof . . . for use, sale or distribution within this state, and *on which such license tax shall not have been previously paid.*'' (Or to pay on the number of gallons ''manufactured, compounded or handled'' for such use, sale or distribution.) This alternative method may be used ''*instead of* (paying) *on the number of gallons sold.*'' If such election is filed, the distributor or dealer is ''relieved thereby from

keeping accounts and making and filing statements and making payment of such tax,'' as provided by Sections 7798, 7799 and 7800. If this method is chosen, the distributor or dealer is ''entitled to deduct three per cent of the gross number of gallons thereof in computing and paying said tax.'' A method of obtaining refund is provided in case of destruction or loss by lightning, storm, fire, etc., after the tax has been paid; and also for refund if any distributor or dealer ''has erroneously paid tax twice upon the same shipment.'' The original provisions were adopted by the people at the 1924 general election. [Laws 1925, p. 282.] The alternative method was added by the 1927 Legislature. [Laws 1927, p. 300.]

Section 7814, R. S. 1929 (7 Mo. Stat. Ann. 5255), added by the 1925 Legislature (Laws 1925, p. 255), also makes provision for an *excise tax,* as follows:

''All persons, including dealers and distributors who shall use motor vehicle fuels for the purpose of operating or propelling motor vehicles upon and over the highways of the State of Missouri, or the political subdivisions thereof, upon the sale or use of which motor vehicle fuels the excise tax imposed by this article has not been theretofore paid, shall pay an excise tax equal to two cents per gallon of motor vehicle fuels so used, and, insofar as such motor vehicle fuel is concerned, shall make the same reports and pay the same taxes as and be subject to all the other provisions of this article relating to distributors and dealers of motor vehicle fuels.''

It is apparent, from reading the provisions of these sections together, as they now stand, that the intention of the Legislature was to require the payment of two cents on each and every gallon of gasoline sold or used in this State to operate motor vehicles over the roads, streets or highways of this State. The tax was laid, as a license tax, against distributors and dealers only. [Central Transfer Co. v. Commercial Oil Co., 45 Fed. (2d) 400.] Undoubtedly, the statute last above set out (Sec. 7814) was intended both to authorize distributors and dealers to pass the tax on to consumers, with the sections (7809-13) preceding it, to prevent bootlegging of gasoline for use in this State, without buying it from licensed distributors or dealers herein, to evade the tax. (These provisions were added by the Legislature of 1925 (Laws 1925, p. 255) to strengthen the original laws adopted by the people in 1924.) Clearly, also, the intention shown by all of these laws, was to collect the tax but once on each gallon of motor vehicle fuel sold or used, and this is made plain by the provisions for refund. However, there is nothing anywhere in Article 2 which authorizes one distributor to satisfy his obligation, to pay a license tax to the State, by paying it or any part of it to another distributor. On the contrary, he is required by Section 7795 to *''pay to the state treasurer.''* A distributor, ''who has erroneously paid tax twice upon the same shipment,'' because another

distributor has paid the tax previously, is provided a way to get his money back by the provisions of Section 7819. Therefore, since defendant admits that he was "a licensed distributor," he was liable to pay the tax, to the State Treasurer, as a part of his license tax, on the gasoline he received and sold during the two months involved.

Defendant says that the agreed statement is not sufficient to show "that the Pittman Petroleum Company's vendor, the one from which it had previously purchased the gasoline, had not paid the tax." However, "payment is a matter of defense that must be affirmatively pleaded and the burden of proving it is upon the party who pleads it." [Emory v. Emory (Mo.), 53 S. W. (2d) 908, and cases cited, l. c. 913, where exception to rule is also discussed.] Although the agreed facts show that defendant was liable for the tax, we are unable to determine the amount of the tax due from him, for the months involved, because the agreed statement does not show whether the tax should be computed under the alternative method provided by Section 7819 or under the provisions of Sections 7798-7800. (Although plaintiff alleged that election was made, this is put in issue by defendant's general denial.) Therefore, the cause must be remanded for such showing in order to determine what amounts may be due; and defendant may amend his answer to plead prior to payment of the tax on such shipments, or any part thereof, by some other distributor if he be so advised.

The judgment is reversed and the cause remanded. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.